KLOMAN, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and others, Respondents.

*September 21—October 16, 1923.*

*Workmen's compensation: Construction: Persons under act: Subcontractors with less than three employees.*

1. The workmen's compensation act is remedial in its nature and will be liberally construed, and the court in construing it will, as far as possible, place itself in the position of the legislature at the time of its passage, to give effect to the true intent of that body.
2. The compensation act classifies employers into two classes: those employing three or more employees and those employing less than three; and, while making provision for permitting both classes to come under the act, it is primarily designed to cover large employers.
3. The intent of the legislature, under sub. (2) and (3), sec. 2394—1, and secs. 2394—4 and 2394—5, Stats., being to classify employers and to require affirmative election by smaller employers, sec. 2394—6, amending ch. 599 of the Laws of 1913, relative to employees of contractors and subcontractors working for employers subject to the act, does not render a subcontractor employing less than three employees liable for compensation.

4. Where claimant's husband was killed while working for a sub-contractor not under the compensation act, but doing work for an employer who is, she might elect, under sec. 2394—6, Stats., to hold the employer and the insurance carrier or the principal contractor liable for compensation, or the subcontractor liable for damages under the common law as modified by the compensation act.

APPEAL from a judgment of the circuit court for Dane county: GEORGE THOMPSON, Judge. *Reversed.*

The appeal is from a judgment confirming an award of the *Industrial Commission* in favor of the defendant *Grace Tucker* and against the plaintiff and the respondents *Clark* and *I. Barnett Woolen Mills* and its insurer.

For the appellant the cause was submitted on the briefs of *James T. Guy,* attorney, and *Chas. B. Quarles,* of counsel, both of Milwaukee.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

DOERFLER, J.  The defendant *Clark* in April, 1920, contracted with the defendant *I. Barnett Woolen Mills,* employer, insured in the *Maryland Casualty Company,* insurance carrier, subject to the provisions of the workmen's compensation act, by the terms of which he agreed to raze an old smoke-stack and to erect a new one in its place. The plaintiff *Kloman,* as a subcontractor, agreed with *Clark* to perform the work which the latter had contracted to do.  Prior to the time in question *Kloman* had not been engaged in business and had employed no employees, but to perform his said subcontract he hired one Harold E. Tucker and another, and during the course of the work Tucker sustained an accidental injury resulting in his death, and his widow, *Grace Tucker,* thereupon commenced these proceedings for the purpose of collecting compensation.

The *Commission* found, upon the undisputed evidence, that *Clark* was an employer with more than three employees,

was subject to the act, but had failed to comply with the provisions of sub. 2 of sec. 2394—24 of the Statutes; that *Kloman* was not subject to the compensation act; that the *Woolen Mills* and its insurance carrier, *Maryland Casualty Company*, were liable for the death benefit to the applicant; and that by giving sec. 2394—6 of the Statutes a literal construction, *Kloman*, the subcontractor, and the defendant *Clark*, the principal contractor, are also liable for such benefit.

The circuit court, among other things, found that:

"*Kloman*, a subcontractor, at his own option, entered into his contract with *Clark*. Charged with knowledge of the statute he voluntarily entered into the contract, and it seems to me that his entering into the contract and proceeding to work under it would in effect be an election on his part to become subject to the compensation act as far as the work under this particular contract would be concerned. Having thus made his election, I think he is in the same position, so far as this contract is concerned, as any employer who has elected to become subject to the act."

Briefly stated, both the *Commission* and the court found that *Kloman* was not generally subject to the act, but, having elected to enter into and perform his contract, such election on his part brought him under the act by force of the provisions of sec. 2394—6 of the Statutes.

Sec. 2394—6 of the Statutes provides as follows:

"An employer subject to the provisions of secs. 2394—3 to 2394—31, inclusive, shall be liable for compensation to an employee of a contractor or subcontractor under him who is not subject to sections 2394—3 to 2394—31, inclusive, *or* who has not complied with the conditions of subsection 2 of section 2394—24 in any case where such employer would have been liable for compensation if such employee had been working directly for such employer. The contractor or subcontractor shall also be liable for such compensation, but the employee shall not recover compensation for the same injury from more than one party. An employer who shall become liable for and pay such compensa-

tion may recover the same from such contractor or sub-contractor for whom the employee was working at the time of the accident."

Counsel for the *Commission* contend that the language of sec. 2394—6 is clear and unambiguous, and that such section permits of no other construction than that placed thereon by the *Commission* and the court; that sec. 2394—6 was originally enacted in 1913 by ch. 599 of the Laws of 1913, and that in the act of 1913 the word "and" appeared instead of the word "or" italicised above, and that in other respects the wording of the two acts is identical; that not only is the legislative intent clearly expressed, but that the history of the legislation upon the subject as above referred to confirms their construction.

On the other hand, plaintiff's counsel insist that their client at no time was subject to the provisions of secs. 2394—3 to 2394—31, inclusive, for the reason that he employed less than three employees and because he had not at any time affirmatively elected to come under the provisions of the act; that both the *Commission* and the court so found, and that to construe the statute so as to include the plaintiff as one liable for compensation would lead to absurd results by bringing under the provisions of the act one who, under the express language of sec. 2394—3, was not subject thereto, and who in contemplation of the statutes could not protect himself by taking out insurance; that the primary purpose of sec. 2394—6 was to create an additional liability on the part of the employer and his insurance carrier; that the principal contractor, *Clark,* being subject to the act and having failed to take out insurance, is liable for compensation, and that the plaintiff, *Kloman,* not being subject to the act, is not liable for compensation and is not subject to the jurisdiction of the *Industrial Commission;* that the language in sec. 2394—6, "contractor or subcontractor shall also be liable for such compensation," must be construed to relate back only to the contractor or subcontractor

subject to the act who failed to carry insurance; that such construction harmonizes the provisions of the various sections of the compensation act involved, does no violence to the language of the statute, and does not lead to an absurd result; that claimant has an election to hold the employer, the *Woolen Mills,* and its insurance carrier and the principal contractor, *Clark,* liable under the compensation act, or to pursue her remedy against *Kloman* for damages at common law as modified by the statute.

We have thus set out the various contentions of the parties hereto somewhat in detail, because the matter is of great importance and presents a rather complex and intricate problem involving statutory construction.

The workmen's compensation act is remedial in its nature and should be liberally construed to promote the purpose of its enactment. In construing the statutes on the subject we must place ourselves as near as possible in the position of the legislature at the time of the passage of the act, in order to ascertain and give effect to the true intent of that body. When the compensation act was first passed in 1911 our industrial system had undergone great changes, and the small employer who performed his contract in person or with the aid of one or two employees had to a large extent passed out of existence. The act was designed in the interests of both employees and employers,—in the employee's interest so that every injury not wilfully inflicted would be compensated for in a reasonable degree under a fixed schedule, thus avoiding the expense and delay attending the prosecution of actions for damages; in the interest of the employer by establishing a standard for compensation which would be computed and which would enter into the cost of production, and by relieving him from vexatious and troublesome suits for damages. While industrially the large employer had generally succeeded the small employer, nevertheless it was known that numerous small employers of labor were still in existence, and therefore the legisla-

ture in the enactment of the compensation act saw fit to classify employers in two classes: first, those employing less than three employees, and second, those employing three or more employees.   Sec. 2394—1, Stats.   This classification was based upon marked distinctions between such classes, and while the statutes made ample provision for permitting both classes of employers to come under the act, the act was primarily designed to cover the large employer of labor rather than the small one, and thereupon, in order to induce and impel the large employer of labor to come under the act, it was enacted by sub. (2) and (3) of sec. 2394—1 that employers who at the time of the injury had in a common employment three or more employees and who had failed or refused to come under the act were deprived of the defense that the injury or death was caused in whole or in part by the want of ordinary care of a fellow-servant and of contributory negligence; while to employers of less than three employees such defenses were still available.   The only modification to the common-law doctrine of liability in actions for personal injury of which an employer employing less than three employees was deprived was that of assumption of risk, and by the terms of the act this defense became no longer available to either class of employers.

Such classification lies at the very basis of the compensation act, and must be firmly held in mind in the consideration of the problem involved herein, which embraces the construction of sec. 2394—6 of the Statutes.   While an employer of three or more employees comes under the act by his election or by his failure to elect, an employer with less than three employees can only be deemed to come under the act by an affirmative election.   Secs. 2394—4, 2394—5, Stats.

A careful reading of the sections above referred to will therefore disclose that while an employer of less than three employees may elect to come under the act, the statutory conditions and terms affecting employers of three or more employees are such as to make it desirable and advisable for

such employer to come under the act and to impel him to come thereunder, for in coming under the act an employer is relieved from his common-law liability and the proceedings under the compensation act are made exclusive. It also becomes plain that the employer with less than three employees has a decided advantage over the employer employing three or more employees, because while he is deprived of the defense of assumption of risk, nevertheless he still retains the defense of the negligence of a co-employee and of contributory negligence.

The policy and intent of the legislature in enacting the workmen's compensation act as herein expressed being clear, the question now arises whether the provisions of sec. 2394—6 can be held to amend or modify such policy, for to so hold would result in bringing under the jurisdiction of the *Industrial Commission* an employer belonging to a legislative class possessing special rights not awarded to the other class, thus depriving him of express defenses which the act permitted him to retain. Sec. 2394—6 purports solely to amend ch. 599 of the Laws of 1913, and does not attempt to amend or modify any other section of the workmen's compensation act. It is designed primarily to create a new liability on the part of the employer and its insurance carrier, in order that employees working for employers not under the act, or those working for employers subject to the act but who had failed to take out liability insurance, might be protected. Can it be said, therefore, that it was the intention of the legislature to extend the jurisdiction of the *Industrial Commission* so that an employee of an employer having less than three employees can also hold his immediate employer liable for compensation, thus forcing the employer under the jurisdiction of the compensation act by implication and without an express declaration on his part by which he elects to come under the act?

"Where one section of the statute conforms to the obvious policy and intent of the legislature, it is not rendered inoperative by inconsistent provisions in a later section

which do not conform to this policy and intent. In such case the later provision is nugatory and will be disregarded." 25 Ruling Case Law, p. 1012, § 252; *State ex rel. Att'y Gen. v. Mulhern,* 74 Ohio St. 363, 78 N. E. 507, 6 Am. & Eng. Ann. Cas. 856, and note.

We also quote with approval the following statement contained in 25 Ruling Case Law, p. 1013, § 253:

"The general design and purpose of the law is to be kept in view and the statute given a fair and reasonable construction with a view to effecting its purpose and object, even if it be necessary, in so doing, to restrict somewhat the force of subsidiary provisions that otherwise would conflict with the paramount intent."

See, also, numerous authorities cited in notes 10 and 11 of such section; also *Preston v. Drew,* 33 Me. 558, 54 Am. Dec. 639; *Riggs v. Palmer,* 115 N. Y. 506, 22 N. E. 188, 5 L. R. A. 340.

We must therefore hold that sec. 2394—6 of the Statutes affords an election to the claimant herein to either hold the employer, the *Woolen Mills,* and its insurance carrier, and the principal contractor, *Clark,* liable for compensation, or to hold the plaintiff herein liable for damages under the common law as modified by the provisions of the workmen's compensation act. Such construction harmonizes the various sections of the statutes on the subject of workmen's compensation, and is not in conflict with the fundamental principle and policy lying at the basis of the act. To hold in accordance with the ruling of the *Commission* and of the lower court would place the small employer in a very precarious condition. It would subject him to a penalty for a failure to provide for insurance under circumstances not contemplated by the statute, and would make it possible to enforce liability against him where there would be no liability at common law as amended by the statutes, thus producing a result which is quite clear was never in the mind of the law-making body.

We therefore construe that portion of sec. 2394—6 of the Statutes referring to the liability of the contractor or subcontractor as though the following language had been used by the legislature:

"*The contractor or subcontractor subject to the act* shall be liable for such compensation, but the employee shall not recover compensation for the same injury from more than one party. The employer who shall become liable for and pay such compensation may recover the same from such contractor or subcontractor subject to the act for whom the employee was working at the time of the accident."

The judgment of the circuit court is therefore reversed, with directions to dismiss the proceedings as to the plaintiff, *Kloman.*

*By the Court.*—Judgment reversed.