AMERICAN SURETY COMPANY, Plaintiff and Respondent, vs. NORTHERN TRUST COMPANY, Defendant: EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Defendant and Appellant.

*February 11—March 10, 1942.*

For the appellant there was a brief by *Wallace Reiss,* attorney, and *H. K. Curtis* of counsel, both of Milwaukee, and oral argument by *Mr. Curtis.*

*James E. Coleman* of Milwaukee, for the respondent.

WICKHEM, J.   The facts in this case, one phase of which has been here before in *Northern Trust Co. v. Industrial Comm.* 231 Wis. 133, 285 N. W. 339, are extensively set out in the opinion of this court in that case.   To avoid the necessity of reference to that case they will be briefly repeated here.

Plaintiff was the insurer for the Maytag estate and defendant, Employers' Liability Assurance Corporation, insured the Young estate.   These estates operated adjoining farms and frequently arranged for exchange of labor.   One Gilbert, an employee of the Maytag farm was injured while loaned to and performing work on the Young estate.   He made claim upon the Maytag estate and was paid by plaintiff the sums of $546 for twenty-six weeks disability and $491.45 for hospital and medical care.   Thereafter, on Gilbert's application to the industrial commission for compensation, the commission dismissed the claim against the Maytag estate and held that Gilbert at the time of injury was an employee of the Young estate.   The Maytag estate and plaintiff insured sought to interpose a counterclaim to recover the money already paid but this was dismissed.   Upon appeal to the circuit court for Dane county and to this court, the determination of the industrial commission was affirmed, except that this court provided that the dismissal of the counterclaim be without prejudice to plaintiff's right, if any, to institute a separate proceeding to recover the sums paid for temporary compensation and hospital expenses.

Defendant asserts that the sole question involved in this case is whether, as contended by it, plaintiff made these payments voluntarily under mistake of law with full knowledge

of the facts. If an affirmative answer is given to this question defendant claims and very earnestly and ably argues that under the Wisconsin rule plaintiff may not recover for money thus paid.

Plaintiff's sole claim to this money, however, is under sec. 102.06, Stats., and plaintiff contends rightly, as we think, that the question of payment of money under mistake of law is not in this case. Plaintiff stands or falls according to its own concession upon the provisions of the statute above referred to.

Sec. 102.06, Stats., provides:

*"Joint liability of employer and contractor.* An employer shall be liable for compensation to an employee of a contractor or subcontractor under him who is not subject to this chapter, or who has not complied with the conditions of subsection (2) of section 102.28 in any case where such employer would have been liable for compensation if such employee had been working directly for him. The contractor or subcontractor shall also be liable for such compensations, but the employee shall not recover compensation for the same injury from more than one party. In the same manner, under the same conditions, and with like right of recovery, as in the case of an employee of a contractor or subcontractor, described above, an employer shall also be liable for compensation to an employee who has been loaned by him to another employer. The employer who shall become liable for and pay such compensation may recover the same from such contractor, subcontractor or other employer (whether or not such contractor, subcontractor or other employer is an employer as defined in section 102.04) for whom the employee was working at the time of the injury."

The statute is clear and unambiguous and leads to one conclusion. Gilbert was a loaned employee. Both the Maytag and the Young estates were liable for his compensation and the statute provides that the lender shall have a right of action against the lendee to recover any compensation that he may have been required to pay in discharge of this liability.

The purpose of the statute is plain. Both the employer who loans and the employer to whom the employee is loaned and in whose service he was injured are made liable to the employee in order to make it reasonably sure that the employee will get compensation and to relieve him of the risk of selecting the proper employer against whom to proceed. But as between the two employers the person in whose service the injury occurred and whose business or industry was being benefited is made to bear completely the ultimate loss. This is provided for by giving the lender a cause of action. It was held in *Employers Mut. L. Ins. Co. v. Industrial Comm.* 230 Wis. 374, 284 N. W. 40, and in this case upon the former appeal, that the proper forum for such action is a court and not the industrial commission. Plaintiff has proceeded in full compliance with the statute. We cannot assent to the proposition that plaintiff made a voluntary payment as that term is understood in the law of restitution. Plaintiff was liable to the injured party and certainly cannot be regarded as an officious intermeddler because it paid in advance of proceedings before the industrial commission. In our opinion, it did not pay under mistake of law but paid to discharge an actual liability and its right to recover is fully established by the provisions of sec. 102.06, Stats.

*By the Court.*—Order affirmed.