OCEAN ACCIDENT & GUARANTEE CORPORATION, LTD., Appellant, vs. POULSEN and another, Respondents.

*November 10—December 7, 1943.*

L. A. *Tarrell* of Milwaukee, for the appellant.

For the respondents there was a brief by *Knoblock & Konnak* of Racine, and oral argument by *Harold A. Konnak*.

ROSENBERRY, C. J.  The material facts are as follows: On June 4, 1940, Paul Warner Poulsen was a loaned employee in the service of the partnership composed of Peter Poulsen and Paul Winther Poulsen.  The partnership was a subcontractor under the Welling Construction Company, a

general building contractor, which was the employer of Paul Warner Poulsen. On June 4, 1940, Paul Warner Poulsen while performing service growing out of and incidental to his employment, accidentally sustained injuries entitling him to benefits under the Workmen's Compensation Act. The partnership was not under the act and carried no insurance. Paul Warner Poulsen made claim against the principal contractor, the Welling Construction Company, and was awarded compensation in the amount of $2,252, which was paid to him by the plaintiff, the insurance carrier of the principal contractor.

On May 26, 1942, the Welling Construction Company assigned its claim under the provisions of sec. 102.06, Stats., to the plaintiff. The claim not being paid, this action was begun to recover the sum paid from Peter Poulsen and Paul Winther Poulson.

It further appears that on the hearing before the industrial commission the partnership was made a party for the reason that it was claimed that it was an employer of three or more persons, but upon the hearing the industrial commission dismissed the proceeding as against the partnership on the ground that it was not an employer of three or more persons and therefore not under the act. As alleged in the complaint the plaintiff seeks recovery as assignee under the provisions of sec. 102.06, Stats., which provides:

"An employer shall be liable for compensation to an employee of a contractor or subcontractor under him who is not subject to this chapter, or who has not complied with the conditions of subsection (2) of section 102.28 in any case where such employer would have been liable for compensation if such employee had been working directly for him. The contractor or subcontractor shall also be liable for such compensations, but the employee shall not recover compensation for the same injury from more than one party. In the same manner, under the same conditions, and with like right of recovery, as in the case of an employee of a contractor or sub-

contractor, described above, an employer shall also be liable for compensation to an employee who has been loaned by him to another employer. The employer who shall become liable for and pay such compensation may recover the same from such contractor, subcontractor or other employer (whether or not such contractor, subcontractor or other employer is an employer as defined in section 102.04) for whom the employee was working at the time of the injury."

The respondents contend that sec. 102.06, Stats., upon which the plaintiff relies, is unconstitutional and void. Plaintiff's first contention is that the constitutionality of the statute cannot be raised on a general demurrer. Defendants demurred on the general ground that plaintiff's complaint did not state facts sufficient to constitute a cause of action.

In some jurisdictions it is held that a general demurrer will not raise the constitutionality of a statute unless the alleged grounds of unconstitutionality are pointed out. *State ex rel. Schuler v. Nolte* (1926), 315 Mo. 84, 285 S. W. 501. See 16 C. J. S. p. 227, sec. 97, and cases cited.

The rule is otherwise in other jurisdictions. As an example it is held in *State ex rel. Clinton Falls N. Co. v. Steele County* (1930), 181 Minn. 427, 232 N. W. 737, that when a complaint states in form a cause of action resting upon a particular statute, the constitutionality of the statute may be raised by demurrer. The matter is thoroughly discussed and authorities cited in the opinion and in addition there is a note to the same case found in 71 A. L. R. 1194, entitled "May unconstitutionality of statute be raised by demurrer to pleading."

Such authority as there is in Wisconsin supports the conclusion of the Minnesota court. In *Howland v. Board of Supervisors* (1865), 19 Wis. *247, there was a demurrer to the complaint in which it was alleged that the statute under which the tax was levied was unconstitutional. On demurrer the court held that the complaint stated a cause of action.

In *Bonnett v. Vallier* (1908), 136 Wis. 193, 116 N. W. 885, an action begun to enjoin the enforcement of a statute on the ground that it was unconstitutional, there was a demurrer to the complaint for insufficiency. While the question was not specifically raised the court proceeded without question to consider the constitutionality of the statute involved. No doubt an exhaustive search would reveal other cases where the constitutionality of statutes has been considered upon demurrer to the complaint for insufficiency. It is considered that where a cause of action depends upon a statute, the constitutionality of that statute may be raised by a general demurrer. This conclusion is supported not only by the weight of authority but by the better reasoning.

There may be cases where the validity or invalidity of the statute is dependent upon facts other than those of which the court may take judicial notice. It may be that in some cases of that class the rule would not apply.

The trial court considered the constitutionality of the statute and filed a carefully prepared and helpful opinion, holding the statute invalid, and pursuant to which an order was entered sustaining the demurrer.

Sec. 102.06, Stats., was originally ch. 624, Laws of 1917, and was as follows:

"An employer subject to the provisions of sections 2394—3 [102.03] to 2394—31 [102.34], inclusive, shall be liable for compensation to an employee of a contractor or subcontractor under him who is not subject to sections 2394—3 to 2394—31, inclusive; or who has not complied with the conditions of subsection 2, of section 2394—24 [102.28] in any case where such employer would have been liable for compensation if such employee had been working directly for such employer. The contractor or subcontractor shall also be liable for such compensation, but the employee shall not recover compensation for the same injury from more than one party. The employer who shall become liable for and pay such compensation may recover the same from such contractor or subcon-

tractor for whom the employee·was working at the time of the accident. . . ."

A case arose under that statute in which the facts were briefly as follows: One Clark as principal contractor had agreed to do certain work. He subcontracted this work to one Kloman. Prior to the time he undertook the work Kloman had not been engaged in business and had no employees but during the course of operations he employed two, one of whom, Tucker, sustained an accidental injury and death, whereupon his widow began proceedings for compensation under ch. 102, Stats. The commission found that Clark was subject to the act but had failed to comply with the provisions of sec. 2394—24, 2, of the statutes; that Kloman was not subject to the compensation act; that the Woolen Mills, the general employer, and its insurance carrier, the Maryland Casualty Company, were liable for the death benefit to the applicant. The commission also held that Kloman, subcontractor, and the defendant Clark, principal contractor, were also liable. Upon review in circuit court, the court held that Clark and Kloman by entering into a contract to do the work, Clark as principal contractor and Kloman as subcontractor, brought themselves under the act by force of the provisions already set out. Kloman appealed to this court. On appeal this court held:

"We must therefore hold that sec. 2394—6 [now sec. 102.06] of the statutes affords an election to the claimant herein to either hold the employer, the Woolen Mills, and its insurance carrier, and the principal contractor, Clark, liable for compensation, or to hold the plaintiff herein liable for damages under the common law as modified by the provisions of the Workmen's Compensation Act. . . . To hold in accordance with the ruling of the commission and of the lower court would place the small employer in a very precarious condition. It would subject him to a penalty for a failure to provide for insurance under circumstances not contemplated by the statute, and would make it possible to enforce liability

against him where there would be no liability at common law as amended by the statutes, thus producing a result which is quite clear was never in the mind of the lawmaking body." *Kloman v. Industrial Comm.* (1923) 181 Wis. 505, 512, 195 N. W. 404.

In *American Surety Co. v. Northern Trust Co.* (1942) 240 Wis. 78, 2 N. W. (2d) 850, it was held that both the employer who loaned an employee, and the employer to whom the employee was loaned and in whose service he was injured, both being subject to the act, were made liable for compensation to the injured employee, but as between the two employers the lender was given a right of action over against the lendee, and hence was entitled to recover from the lendee payments made in discharge of the actual liability.

No question has been raised with respect to the validity of the section where both the lender and the lendee are subject to the act.

The questions for decision in this case are, Does sec. 102.06, Stats., as amended authorize the industrial commission to determine the liability of one who is not subject to the act and who by the terms of the act is not required to be given notice or to have an opportunity to be heard? If the statute does so authorize the commission, is it valid? In its opinion the trial court said the plaintiff's contention produces this result:

"(1) The defendants are liable for an amount fixed, determined and adjudicated by an administrative body without jurisdiction to adjudicate their rights or liabilities, the jurisdiction of the commission being limited to the determination as to whether the defendants were subject to the act, and that being determined in favor of the defendant's jurisdiction was exhausted in so far as the defendants were concerned;

"(2) The defendants are deprived of the defense of contributory negligence and the defense of want of ordinary care of a fellow servant;

"(3) The defendants are denied the right to defend against the amount of the awards either before an administrative

body or before a court of competent jurisdiction, and are deprived of the aforesaid express defenses enjoyed by all other employers in the class of employers not subject to the act and which the act permitted them to retain. As stated in the *Kloman Case,* the defendants belonged to a legislative class possessing special rights not awarded to the other class;

"(4) This is not a situation where one jointly liable with another seeks to recover of such other one half of the joint liability. Here the plaintiff seeks to recover the entire amount paid. The payment operated as a bar to any claim by the employee against the plaintiff and its insured but such payment does not operate as a bar to a claim by the employee against the employers, the defendants, who were not subject to the act;

"(5) The question arises as to whether if the defendants paid to the plaintiff the amount claimed they would still be subject to liability in an action brought by the employee against the defendants to establish common-law liability, and although in such an action, if brought, the defendants could set up the common-law defenses of contributory negligence or want of ordinary care of a fellow servant, they would be subjected to liability under the statute and liability to their employee at common law,—a double liability, and not being subject to the act, they would be deprived of the benefits of section 102.29;

"(6) If this law is constitutional, then, as stated in the *Kloman Case,* it forces an employer having less than three employees under the jurisdiction of the compensation act by implication and without an express declaration on his part by which he elects to come under the act all others in such class not being so forced or compelled to elect;

"(7) To hold the statute constitutional would, as stated in the *Kloman Case,* place these small employers in a very precarious condition, and would subject them to a penalty for a failure to provide for insurance under circumstances not contemplated by the statute and would make it possible to enforce liability against them where there would be no liability at common law as amended by the statutes."

It is clear from the language of the statute as amended that it authorizes the commission to do what was done in this case:

That is, determine the liability of one who is not before it and is not subject to the act.

On behalf of the appellant it is argued that by becoming a subcontractor, the defendants in borrowing an employee from an employer under the act elected to become subject to the act. It is considered that this contention cannot be sustained. Sec. 102.04 (2), Stats., defines an employer as follows:

"Every person, firm and private corporation (including any public-service corporation), who usually employs three or more employees. The provisions of this subsection shall not apply to farmers or to farm labor. . . ."

Sec. 102.05 (2) provides: "If any employer shall at any time have three or more employees he shall be deemed to have elected to accept the provisions of this chapter, unless prior to that time such employer shall have filed with the commission a notice in writing that he elects not to accept the provisions hereof. . . ."

In this case the commission found that the defendants did not customarily have three or more employees. Nor is there any claim that the defendants at any time ever elected to become subject to the act. Nor does the statute provide that if an employer not under the act borrows an employee from an employer under the act, that he thereby becomes subject to the act. If the statute so provided, it would be inconsistent. For example: Sec. 102.04 (2), Stats., provides that sub. (2) shall not apply to farmers or to farm labor. Sec. 102.07 (4) provides that it does not include farm laborers, domestic servants and others. If the construction placed by the plaintiff upon the statute as amended is correct, then any person (including a farmer) who loans an employee from an employer under the act may be made liable in case the loaned employee is injured in his service for the amount of compensation awarded the employee although he is entitled to no notice or to a hearing and has none of the benefits of the act. It is considered that so construed the act denies one not under the act,

who loans an employee from an employer under the act, due process of law, and for that reason is invalid. The essentials of due process are notice and an opportunity to be heard before a tribunal having jurisdiction of the cause. *Lacher v. Venus* (1922), 177 Wis. 558, 188 N. W. 613.

The defendants not being under the act are not entitled to notice, and having no opportunity to be heard, are therefore denied due process. So far as the statute as amended attempts to create a liability against persons not under the act and therefore not entitled to notice or an opportunity to be heard, it is invalid for want of due process. This provision being clearly separable, the remainder of the section is not affected and remains in full force and effect.

*By the Court.*—The judgment appealed from is affirmed.

FRITZ, J., dissents.