STATE EX REL. WEEK and others, Appellants, vs. WISCONSIN STATE BOARD OF EXAMINERS IN CHIROPRACTIC and others, Respondents.

*November 20—December 23, 1947.*

*Daniel H. Grady* of Portage, for the appellants.

For the respondents there was a brief by the *Attorney General* and *Warren H. Resh,* assistant attorney general, attorneys for the Wisconsin State Board of Examiners in Chiropractic, and *Honkamp & Hegner* of Appleton, attorneys for the Wisconsin Chiropractic Association, and oral argument by *Mr. Resh* and *Mr. William F. Hegner.*

BARLOW, J. All plaintiffs are duly licensed, practicing chiropractors in the state of Wisconsin excepting Lundy, the

Wisconsin State Board of Examiners in Chiropractic having refused to renew his license because he did not attend one of the two-day educational programs conducted by the Wisconsin Chiropractic Association as required by sec. 147.23 (7), Stats. In the amended complaint plaintiffs seek injunctive relief from a statute claimed to be void and unconstitutional and a declaratory judgment of their rights, to which defendants filed a general demurrer. This is sufficient to raise the question of constitutionality of the statute, which is the only question presented for decision. *Bonnett v. Vallier* (1908), 136 Wis. 193, 116 N. W. 885; *Ocean Accident & Guar. Corp. v. Poulsen* (1943), 244 Wis. 286, 12 N. W. (2d) 129.

Sec. 147.23 (7), Stats., follows with the portion alleged to be unconstitutional in italics:

"(7) All licenses issued by the board shall expire on the thirty-first day of December following the issue thereof, except that any holder of a license may have the same renewed from year to year by the payment of an annual fee of five dollars; *provided, that satisfactory evidence is presented to the board that said licensee in the year preceding the application for renewal has attended at least one of the two-day educational programs conducted, supervised and directed by the Wisconsin Chiropractic Association and exemption from this requirement shall be granted only upon showing satisfactory to said board that attendance at said educational programs was unavoidably prevented.*"

It is alleged in the amended complaint that there are two state-wide voluntary organizations in the state of Wisconsin which licensed chiropractors may join. One is the Wisconsin Chiropractic Association and the other the Wisconsin Chiropractors Society. Each has a substantial membership and each provides an annual educational program. The Wisconsin Chiropractic Association requires a fee of $10 from each person who attends its annual educational program, which is the program a chiropractor must attend in order to have his annual license renewed. It is alleged the statute does not authorize the charging of any fee and certainly not a fee in excess of the

cost, which it is claimed this fee is. Plaintiffs state they are ready and willing to pay the annual fee of $5 to the state for renewal of their licenses, but claim that portion of the statute which requires the annual attendance of the educational program provided in the statute in order to have their licenses renewed is in violation of their constitutional rights under the Fourteenth amendment of the constitution of the United States, and deprives them as citizens of their rights and property without due process of law, and denies to them the rights guaranteed by said constitutional provision to practice their profession by denying them the equal protection of the law and the protection of equal laws.

The state has the power to provide for the general welfare of its people and, in so doing, to prescribe reasonable qualifications to be complied with before a person may engage in or carry on any trade or profession. The fact that a person is once licensed does not create a vested property right in the licensee, as advancements in the trade or profession may require additional conditions to be complied with if the general welfare of the public is to be protected. *Dent v. West Virginia* (1889), 129 U. S. 114, 9 Sup. Ct. 231, 32 L. Ed. 623; *Harris v. State Board of Optometrical Examiners* (1926), 287 Pa. 531, 135 Atl. 237; *Gamble v. Board of Osteopathic Examiners* (1942), 21 Cal. (2d) 215, 130 Pac. (2d) 382. This is all subject to the rights guaranteed by the constitution of the United States and the constitution of the state to the person who desires to engage in such trade and profession.

Respondents argue the legislature has the right to decide whether advancements in their profession require those engaged in its practice to attend educational programs in order to continue practicing. To this we agree. If the legislature had provided that any chiropractor desiring to have his annual license renewed must attend an educational program approved by the State Board of Examiners in Chiropractic we would have no difficulty with it, or if the legislature had adopted a standard which the program must meet it could well be argued

this would be sufficient. The statute in question goes far beyond this. It provides who shall give the educational program that must be attended and gives them complete control of the nature of the program. Respondents would not argue the legislature may require a person to be a graduate of one certain medical school in Wisconsin or one certain dental school in Wisconsin in order to be able to obtain a license to practice his profession in this state. This statute comparatively so provides. It provides where he must take limited postgraduate work each year if his license to practice is to be renewed. It requires the licensee each year to attend one day of a two-day educational program provided by the Wisconsin Chiropractic Association, a voluntary organization not primarily engaged in the educational field. We do not mean to indicate that the program offered is not an excellent program and well worth attendance by every member of the profession. The difficulty is that the legislature has fixed no standard of a program which must be attended, nor has it delegated to any board the authority to approve the program to be offered. It has merely provided by whom the program shall be given. In *Ex parte Gerino* (1904), 143 Cal. 412, 415, 66 L. R. A. 249, where the statute provided the State Board of Medical Examiners should be elected from three certain medical societies, while upholding the statute the court said it "could not be upheld at all if it were put upon the ground that in so doing the state is acting for the benefit of any one or all of the medical societies or schools of medicine existing in the state." We conclude here the state was acting for the benefit of the association primarily, which is not within the legitimate exercise of police power. See 11 Am. Jur., Constitutional Law, p. 1093.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with this opinion.

FOWLER, J., took no part.