**BUSCAGLIA, Treasurer of Puerto Rico, v. AHUMADA.**

No. 4337.

United States Court of Appeals First Circuit.

Jan. 21, 1949.

---

[1] See note 6 A.L.R. 406 and cases there cited.

I. Henry Kutz, Sp. Asst. to Atty. Gen. (Theron L. Caudle, Asst. Atty. Gen., George A. Stinson and Ellis N. Slack, Sp. Assts. to Atty. Gen., and Mastin G. White, Sol., Department of the Interior, and Irwin W. Silverman, Chief Counsel, Division of Territories and Island Possessions, Department of the Interior, both of Washington, D. C., on the brief), for appellant.

Appellee submitted on the transcript of record by leave of court.

Before MAGRUDER, Chief Judge, WOODBURY, Circuit Judge, and FORD, District Judge.

PER CURIAM.

In the instant case we are confronted with one of the questions which was presented to us, but which because of an inadequate record we did not think it appropriate to consider, in Buscaglia v. Fiddler, 1 Cir., 157 F.2d 579, that is, the question of the validity under the Constitution of the United States and the Puerto Rican Organic Act, 39 Stat. 951 et seq., 48 U.S.C.A. § 731 et seq., of the provisions of § 12(a) of the Insular Income Tax Act, Laws Puerto Rico 1925, p. 428, as amended, imposing a higher rate of tax upon the net income derived from sources within Puerto Rico of United States citizens not residing in Puerto Rico than upon the net income from the same sources of United States citizens resident in the Island. The question comes to us under the following circumstances.

The Supreme Court of Puerto Rico in the Fiddler case, 65 P.R.R. 189, held the discrimination in income tax rate alluded to above invalid on the ground that it violated not only principles of the Constitution of the United States but also principles of the Insular Organic Act. Then, while that case was pending in this court on appeal, it decided the case at bar on the authority of its previous decision in the Fiddler case. Thereupon the Treasurer seasonably took this appeal to us, but proceedings thereon were held in abeyance by stipulation until after our decision remanding the Fiddler case to the court below for further consistent proceedings was handed down. But before either Fiddler's case was finally determined in the Insular courts, or the appeal in the instant case was heard by us, the question presented by both of these cases was again considered by the Supreme Court of Puerto Rico in still another one, Buscaglia, Treasurer, v. Tax Court of Puerto Rico, Respondent, Isabel Perez Vahamonde, Intervenor, decided March 8, 1948, and in this latter case the court below reversed itself, explicitly overruling its former decisions in the Fiddler case and in this one, and holding that the discrimination in income tax rate did no violence to any provision of either the United States Constitution or the Insular Organic Act.

We are in substantial agreement with the views expressed in the exhaustive opinion of the Supreme Court of Puerto Rico in the Perez case and find no occasion to add anything to what is said therein.

The judgment of the Supreme Court of Puerto Rico is reversed and the case is remanded to that court for further consistent proceedings.