STATE, Respondent, vs. HOEBEL, Appellant.

*February 10—March 7, 1950.*

For the appellant there were briefs by *Rieser & Mathys* of Madison, and oral argument by *Clifford G. Mathys.*

For the respondent there were briefs by the *Attorney General, Stewart G. Honeck,* deputy attorney general, *William A. Platz,* assistant attorney general, and *Robert W. Arthur,* district attorney of Dane county, and oral argument by Mr. *Arthur* and *Mr. Platz.*

GEHL, J. The statutes are a part of the so-called "lobbying law." Defendant contends that the statutes under which the proceedings are brought are so vague, uncertain, and indefinite that they constitute a denial of due process of law contrary to the provisions of both the state and federal constitutions. This objection may be reached by general demurrer. *Ocean Accident & Guar. Corp. v. Poulsen,* 244 Wis. 286, 12 N. W. (2d) 129. Defendant's contention with respect to the constitutionality of the statutes is stated in his brief as follows:

"It is our serious contention that this statute must be confined to expenditures made by a lobbyist while engaged in the promotion or opposition to the introduction of legislation before the legislature, a legislative committee, or individual members of the legislature. If the language in section 346.245 'in connection with or relative to his activities as such lobbyist' is given or is attempted to be given a meaning beyond this, then its meaning is so vague and so uncertain that it cannot be complied with, or at least the lobbyist does not know how to comply with it."

Sec. 346.245, Stats., provides:

"Every lobbyist . . . shall . . . file with the secretary of state a sworn statement of expenses made and obligations incurred by himself or any agent in connection with or relative to his activities as such lobbyist, . . ." and that such report shall be filed periodically.

Given their proper construction the statutes involved are not vague, indefinite, or uncertain. They must be given a logical and sensible construction in a reasonable sense. *Baender v. Barnett,* 255 U. S. 224, 41 Sup. Ct. 271, 65 L. Ed. 597, and in such construction their purpose must be observed. Their purpose is indicated in sec. 346.20, Stats., "to promote a high standard of ethics in the practice of lobbying, to pre-

vent unfair and unethical lobbying practices, and to provide for the licensing of lobbyists and the suspension or revocation of such licenses." The purpose of the reports required by sec. 346.245 is to disclose to the state information as to the "expenses made and obligations incurred [by the lobbyist] or any agent in connection with or relative to his activities as such lobbyist."

Lobbying is defined in sec. 346.205 (1), Stats., as "the practice of promoting or opposing the introduction or enactment of legislation before the legislature or the legislative committees or the members thereof." These provisions make it clear that what is intended by the report required to be made by the lobbyist is that he disclose only such expenditures and obligations as are made and incurred by him personally and directly to any member of the legislature to influence such legislator.

The lobbyist himself must first decide whether an expenditure made is one which comes within the class of those which must be reported, and in a sense he may be required to speculate when making his report whether any of his expenditures do so. But that is true of nearly all prohibitory legislation. Ultimately it comes to the court to determine whether he has failed to disclose the required reportable expenditures. That is true in the trial of nearly every case involving the violation of a criminal statute. It is not required that a statute be so elaborate in its detailed specifications as to meet every possible state of circumstances that may arise under it.

It may be that in many cases there is a dispute as to whether an expenditure was made for the purpose of influencing legislation. Whether they do is for the court in each instance to determine, considering the law to be applied and its purposes expressed in the statutes.

A "statute is unconstitutional for indefiniteness if it requires or forbids in terms so vague that men of common

intelligence must guess at its meaning and differ as to its application. And while a penal statute must be strictly construed, yet it is not necessary that it designate every particular circumstance that calls for imposition of the penalty. Where the act of the legislature has as its purpose to prohibit an undesirable form of conduct rather than a specific act, the definition by its very nature must be broad. Consequently if it can be determined with reasonable definiteness what is disapproved, the statute is not unconstitutional on this ground." *State v. Eich,* 204 Minn. 134, 136, 282 N. W. 810. See also 12 Am. Jur., Constitutional Law, p. 282, sec. 585; *State v. Arnold,* 217 Wis. 340, 258 N. W. 843.

The acts prohibited and the items of expenditure required to be reported by the statutes here involved can, by their very nature, be defined in only broad terms. Having in mind the purpose of the legislature, what is disapproved and what is required can be determined with reasonable definiteness. The statutes are not unconstitutional.

It is contended that the allegation that defendant expended sums of money in providing food, etc., "at the request of said legislators to their friends, said disbursements being made in the course of and relative to his [defendant's] activities as a lobbyist," does not state a violation. If a thing of value be given to a friend of a legislator for the purpose of inducing the friend to use his efforts upon the legislator on behalf of the lobbyist or his cause, such expenditure is made by the lobbyist "relative to his activities" as such. The requirement that he shall report expenditures is broad enough to include all those made in his activities and is not limited to those which reach the legislature or its members directly.

Sec. 346.21 (2), Stats., provides:

"Upon verified complaint . . . to the district attorney of Dane county charging [violation of the lobby law] . . . [he] is authorized to bring civil action in the circuit court for Dane county" to enforce its provisions as to revocation of license,

and that "if the court shall determine that the complaint made to the district attorney was without proper cause, it shall enter judgment against the person making the complaint for the costs of the action. . . ."

Defendant contends that there is a defect of parties plaintiff because of the failure to join the person who complained to the district attorney. The same section provides that costs shall be paid by the county. They are not recoverable from the complainant unless it be determined that his complaint was made without proper cause. If a successful defendant may have his costs he may recover them in either event. He is not prejudiced by failure to join the complainant.

The practice of permitting a court to impose costs under certain conditions upon a complainant is not of recent origin. For a long time it has been permitted in Wisconsin where malice or lack of probable cause is shown in a criminal prosecution in justice court, sec. 360.22, Stats., and where it appears at a preliminary examination, sec. 361.17. In neither of these cases is the complainant required to be made a party to the action. The latter section was held to be valid in *State ex rel. McCaslin v. Smith,* 65 Wis. 93, 26 N. W. 258. There it was held that costs were properly assessed by a magistrate at a preliminary examination against a complainant on his determination that the complaint was wilful and malicious and without probable cause, although the complainant was not a party to the proceeding, and it was held also that the statute was not repugnant to any constitutional provision.

We agree that the district attorney was without authority to commence this action without the verified complaint required by sec. 346.21 (2), Stats., being first filed with him. But we find nothing in the statutes which requires the complaint to leave the district attorney's hands or that it be made a part of the record. The statute provides that "upon verified complaint in writing to the district attorney" he is authorized

to "bring civil action." He proceeds then as in any action, with process and pleadings, the first of which pleadings is *his* complaint alleging the violation. It is upon *his* complaint that the action proceeds. The obvious purpose of the statute is to require that before an action be brought the district attorney be satisfied that the information brought to him have at least some semblance of reliability. We find nothing in the statutes which indicates any purpose to require that the complainant be joined as a party.

*By the Court.*—Order affirmed.