SAMUEL WALKER, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; TREASURER OF PUERTO RICO, Intervener.

No. 251. Argued April 4, 1951.—Decided June 27, 1951.

652

*E. T. Fiddler, José G. González, Tomás I. Nido, Fernando For-naris, Jr., Andrés Guillemard,* and *Julián O. McConnie, Jr.,* for petitioner. *Víctor Gutiérrez Franqui, Attorney General (Vicente Géigel Polanco,* former *Attorney General,* on the brief) and *J. B. Fernández Badillo, Assistant Attorney General,* for intervener, respondent in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

To review the judgment rendered August 2 of last year by the Tax Court dismissing the complaint filed in an

action for the refund of income taxes by Samuel Walker against the Treasurer of Puerto Rico, we granted certiorari under § 6 of Act No. 328 of May 13, 1949 (pp. 996, 1004).[1] The petitioner alleged in said complaint that on December 20, 1948 and through an agent, he filed in the Department of Finance his income tax return for the fiscal year ending June 30, 1948; that since August 5, 1947 he has been and is the owner of the preferred shares of Eastern Sugar Associates (a trust) listed in Exhibit A, attached thereto; that he has received dividends on said shares on the dates and in the amounts set forth in the aforesaid Exhibit, 29 per cent of said dividends having been withheld at the source as income tax to be paid to the respondent pursuant to § 22 of the Income Tax Act of Puerto Rico[2] by the withholding agent, The National City Bank of New York, San Juan Branch; that at all times subsequent to August 5, 1947 he has been a citizen of the United States of America and of the State of New York; that simultaneously with his income tax return he filed a claim for refund of $29 withheld at the source, alleging that said amount had been illegally withheld; that on January 12, 1949 he received a letter from the respondent notifying him that his claim for refund was denied; that in his opinion the refund claimed should be granted, inasmuch as the amount withheld constitutes a tax collected without legal authorization, because the aforesaid collection violates the provisions of the amendment introduced to § 2 of the Organic Act of Puerto Rico by the Congress of the United States of America, by Act No. 362, of August 5, 1947, "since it discriminates illegally against the petitioner and in favor of the residents of Puerto Rico with respect to the rate of taxation, credits, personal exemptions and other deductions, and he would be denied thereby the

[1] Act No. 328, *supra*, created the Tax Court of Puerto Rico, determined its organization, authority and operation, established the jurisdiction thereof and provided for the review of its decisions, etc.

[2] No. 74 of August 6, 1925 (p. 400).

rights, privileges and immunities guaranteed by the aforesaid amendment to our Organic Act."

Shortly thereafter the parties filed a stipulation in *Gilbert J. Postley* v. *Treasurer of Puerto Rico*, R-180 T. C. in which they stated that the complaint in that case and those successively filed up to No. R-206 T. C., inclusive,[3] present the same issue and in order to avoid in the other cases the numerous steps and clerical work which could be saved by the judgment rendered therein, it was stipulated and agreed that the issues raised be litigated in said case and that the remaining complaints R-181 to R-206 T. C., both inclusive, remained filed and pending decision of the questions raised therein and that the remaining complaints would follow the same judgment rendered therein. Said stipulation was approved three days later by the Tax Court, it being ordered that a copy thereof and of the order of approval be attached to each record.

In the *Postley* case the petitioner filed his answer accepting some of the facts of the complaint, denying the essential ones, and alleging as an affirmative defense, among others, that "even accepting as true each and every one of the facts alleged in the complaint, the latter does not contain sufficient grounds to support the claim."

The question of law thus raised by said affirmative defense was heard and decided with priority by the Tax Court, which entered an order on June 27, 1950 granting such defense and giving the petitioner 10 days to amend the complaint, if he so wished. The basic reason for its action was that: "There is no allegation whatsoever in the complaint to the effect that Puerto Rico has no rational basis or justification, or that there is no local evil which the Legislature has deemed proper to face by imposing a higher tax rate to absentee taxpayers and denying them certain credits"; that

---

[3] The complaint involved in the case under our consideration is No. R-191.

"as stated in Toomer v. Witsell, supra,[4] the plaintiff must allege the nonexistence of valid reasons for the discrimination, other than the discrimination itself"; and that "In the absence of such allegation and proof at the proper time, we must presume that the Legislature had a justification, and that there exists a rational basis for the differentiation in treatment between some American citizens and other American citizens." In harmony with the stipulation above-mentioned the lower court entered an identical order in the instant case and at the request of Samuel Walker, the petitioner, rendered in his case the judgment to which we have referred.[5]

The errors assigned by the petitioner in the case now under our consideration are, among others, that the Tax Court erred in dismissing the complaint for failure to state a cause of action; in not entering judgment on the pleadings for the plaintiff; in holding that the Supreme Court of the United States in Toomer v. Witsell, 334 U. S. 385, decided that the taxpayer who is a citizen of another State must allege the nonexistence of valid motives for the discrimination, other than the discrimination itself; and in deciding that in the absence of allegation and proof of the plaintiff to that effect, the Court should have presumed that the Legislature was justified in discriminating among nonresident American citizens, who are citizens of some state of the Union, and American citizens residents of Puerto Rico, and that there exists a rational basis therefor. We shall discuss them forthwith:

On August 5, 1947 the 80th Congress of the United States in its First Session additioned, by virtue of Public Law No. 362 (U. S. Code, Congressional Service, 80th Congress, 1947, p. 768), to § 2 of our Organic Act (48 U.S.C., § 737), a paragraph which recites:

---

[4] 334 U. S. 385, 92 L. ed. 1460.

[5] In all the remaining cases the petitioners amended their respective complaints, and all of them are pending in the lower court.

"The rights, privileges, and immunities of citizens of the United States shall be respected in Puerto Rico to the same extent as though Puerto Rico were a State of the Union and subject to the provisions of paragraph 1 of section 2 of article IV of the Constitution of the United States." [6]

Prior to that amendment to our Organic Act it was held that paragraph 1 of § 2 of Article IV and § 1 of the Fourteenth Amendment of the Constitution of the United States do not apply in Puerto Rico; that our Income Tax Act, in establishing the higher rate of tax provided therein upon American citizens not residents of Puerto Rico, although citizens of any state of the Union, and in denying such nonresidents the personal exemption and the credits for dependents therein provided, did not violate the due process clause, the rule that taxation in Puerto Rico shall be uniform or the clause of the equal protection of the laws of our Organic Act. *Buscaglia, Treasurer* v. *Tax Court*, 68 P.R.R. 322 and *Buscaglia* v. *Ahumada*, 171 F. 2d 775.

The fundamental problem now under our consideration is merely, however, whether in a complaint like the one involved here, in which it is set forth that our Legislature has discriminated [7] in fixing a higher tax rate on the income of nonresident American citizens than upon American citizens residents of this Island, "the nonexistence of valid reasons for the discrimination, other than the discrimination itself," must be alleged, or not.

---

[6] Paragraph 1 of § 2 of Article IV of the Constitution of the United States provides:

"The citizens of each State shall be entitled to all privileges and immunities of citizens in the several States."

[7] Section 12 of the Income Tax Act (No. 74 of 1925, p. 400), as amended by Act No. 88 of 1945 (p. 312), levies on the net income of every individual a normal tax of 7 per cent and provides that on the income of every person not a resident who is not a citizen of Puerto Rico, there shall be levied, collected and paid for each taxable year, a normal tax of twenty-nine per cent (29%) on the amount of the net income; § 13 of that same Act, as amended by Act No. 433 of 1947, levies a progressive surtax, not applicable to nonresident individuals who are not citizens of Puerto Rico, "in consideration of the fact that they

'Although the constitutionality of every statute is presumed and the burden is on the one attacking the validity thereof,[8] we have not found a single case specifically deciding that the person holding that an act is contrary to the Constitution on the ground that it violates the privileges and immunities clause, must allege "the nonexistence of valid: reasons for the discrimination, other than the discrimination: itself." In the complaint filed by the petitioner in the lower court he alleges that the tax has been collected without legal authorization and that "the aforesaid tax collection by the respondent violates the provisions of the amendment to § 2 of the Organic Act of Puerto Rico . . . by Act 362 . . . since it discriminates illegally against the petitioner and in favor of the residents of Puerto Rico with respect to the rate of taxation, credits, personal exemptions and other deductions, and he would be denied thereby the rights, privileges, and immunities guaranteed by the aforesaid amendment to our Organic Act." That is enough in our judgment, to convey clearly to the mind of the trier that petitioner's: purpose in making said allegation was to overcome the aforesaid presumption. Therefore, the Tax Court erred in

pay a normal tax of twenty-nine (29) per cent"; § 18 of the same Act, as amended in 1947 by Act No. 433, *supra,* allows unmarried persons a personal exemption of $800; and heads of a family or married persons living with husband or wife, a personal exemption of $2,000, plus a credit of $400 for each person dependent upon and receiving his support exclusively from the taxpayer; and subdivision (*f*) of § 19, as amended by Act No. 433, *supra,* provides, after reiterating that on the net income of all nonresident individuals, who are not citizens of Puerto Rico, there shall be levied, collected and paid a normal tax of 29 per cent on such income, that "no personal exemption or credit shall be allowed to nonresident individuals who are not citizens of Puerto Rico."

[8] *Rivera* v. *Cobián Chinea & Co.,* 69 P.R.R. 625, 631; *Buscaglia, Treas.* v. *Tax Court,* 69 P.R.R. 93; *Buscaglia, Treasurer* v. *Tax Court,* 68 P.R.R 322; *Madden* v. *Kentucky,* 309 U. S. 83, 84 L. ed. 590; *Middleton* v. *Texas Power & L. Co.,* 63 L. ed. 527, 531; *Ward & Gow* v. *Krinsky,* 259 U. S. 503, 66 L. ed. 1033; *Concordia F. Insurance* v. *Illinois,* 292 U. S. 535, 78 L. ed. 1411; 28 A.L.R. 1207; *Lawrence* v. *State Tax Commission,* 286 U. S. 276, 76 L. ed. 1102, 87 A.L.R. 374; 92 A.L.R. 1264; 38 A.L.R. 1186; 11 Am. Jur. 795, § 132.

deciding that petitioner's complaint failed to state facts constituting a cause of action.

 A special defense such as that alleged by the respondent herein has the same scope as the motion to dismiss provided by Rule 12(b) of the Rules of Civil Procedure and, consequently, the effect of admitting as true all the essential allegations of the complaint,[9] wherefore it might be said that all the facts in controversy are under our consideration; and although both the petitioner and the intervener engage in an extensive and intensive discussion on the constitutionality or unconstitutionality of the provisions of the Income Tax Act to which we refer in footnote 7 hereof, in the light of the above-mentioned amendment to our Organic Act we shall refrain at the time being from discussing the constitutional question thus raised. We reach this conclusion, among other grounds, because (1) courts must avoid decision of constitutional questions whenever possible;[10] and (2) such questions must first be decided by a lower court after determining all the facts on which it may base its decision and not merely on the basis of admissions made by the parties upon raising questions of law.[11]

The judgment appealed from will be reversed and the case remanded to the Tax Court for further proceedings not inconsistent with this opinion.

---

[9] *Boulon* v. *Pérez*, 70 P.R.R. 941, 944; *Onna* v. *The Texas Co.*, 64 P.R.R. 497, 498–9. See also *M. Grau e Hijos* v. *People*, 51 P.R.R. 12.

[10] *Buscaglia, Treas.* v. *Tax Court and Kemper*, 71 P.R.R. 278, 283; *Spanish Am. Tobacco Co.* v. *Buscaglia*, 71 P.R.R. 929; *Buscaglia* v. *Fiddler*, 157 F. 2d 579; *Alabama State Federation of Labor* v. *McAdory*, 325 U. S. 450, 89 L. ed. 1725; *Crowell* v. *Benson*, 285 U. S. 22, 76 L. ed. 598.

[11] *Buscaglia, Treas.* v. *Tax Court and Kemper*, 71 P.R.R. 278, 303; *Ocean Accident & Guarantee Corporation* v. *Poulsen*, 12 N. W. 2d 129, 152 A.L.R. 810; *Iowa Motor Vehicle Ass'n* v. *Board*, 209 N. W. 511; *Meister* v. *Carbraugh*, 142 N. E. 189; *Nakwosas* v. *Western Paper Stock Co.*, 102 N. E. 1041; 71 A.L.R. 1194; 11 Am. Jur., p. 775, § 127.