**COURT OF APPEALS
DECISION
DATED AND FILED**

**December 21, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.  *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2022AP668-CR**

Cir. Ct. No.  2021CM699

STATE OF WISCONSIN

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

KEVIN RICHARD RADDEMANN,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Washington County:  SANDRA JO GIERNOTH, Judge.  *Affirmed.*

¶1    NEUBAUER, J.[1] Kevin Richard Raddemann appeals from a judgment of conviction entered by the circuit court after he pled guilty to one

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

count of operating while intoxicated, third offense. Raddemann was arrested after a City of Hartford police officer stopped his vehicle for violating a city ordinance and detected signs of intoxication. Raddemann argues that the officer lacked reasonable suspicion to believe he had violated the ordinance, which prohibits persons from being in a cemetery outside of daylight hours, because the ordinance is unconstitutionally vague. Raddemann raised this argument in the circuit court but made no effort to serve the attorney general or add the City of Hartford as a party as he was required to do under WIS. STAT. § 806.04(11). For this reason, we decline to consider his constitutional challenge to the ordinance and affirm his conviction.

## BACKGROUND

¶2 Around 9:30 p.m. on the night of June 25, 2021, Officer Adam Albea of the City of Hartford Police Department was driving his squad car east through the city on Highway 60 when he saw a vehicle moving northbound through Pleasant Hill Cemetery. By city ordinance, most persons are prohibited from being in the cemetery outside of daylight hours. *See* HARTFORD, WIS., MUNICIPAL CODE § 27.13(1) (1997) ("No person other than cemetery employees or other police officers shall be within the cemetery except during daylight hours.").[2]

¶3 Albea parked in a nearby driveway and watched as the vehicle stopped at the entrance to the cemetery, turned right out of the cemetery, and began traveling east on Highway 60. As the vehicle passed him, Albea noted that

---

[2] A copy of the ordinance can be found on the website of the City of Hartford, https://ci.hartford.wi.us/DocumentCenter/View/262/Municipal-Code-Chapter-27-PDF.

it was not a police vehicle and did not resemble one of the vehicles belonging to the Hartford Parks and Recreation Department, which is in charge of the cemetery. Albea pulled the vehicle over and identified Raddemann as the driver.

¶4 According to the complaint, Albea observed several signs that Raddemann might be intoxicated, including the smell of intoxicants, Raddemann's red, bloodshot, and glossy eyes, and his difficulty retrieving his insurance card. Raddemann allegedly told Albea that he was coming from the Pour House in Hartford and that he had consumed six beers since 4:00 p.m. that day. After Raddemann's performance on field sobriety tests yielded additional signs of intoxication, Albea arrested him.

¶5 Raddemann was charged with one count of operating a motor vehicle while under the influence of an intoxicant, third offense, and one count of operating with a prohibited alcohol concentration, third offense. He was also issued a "warning" citation for violating § 27.13(1) of the Hartford Municipal Code. Raddemann moved to suppress his statements and the other evidence obtained after Albea stopped him, arguing that the stop violated his rights under the Fourth Amendment and the Wisconsin Constitution.[3] In his motion, Raddemann asserted that the ordinance was unconstitutionally overbroad but later clarified that he was "not challenging the constitutionality of the ordinance on overbreadth grounds." Following a hearing on the motion, the circuit court concluded that Raddemann's rights had not been violated because Officer Albea

---

[3] The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. *See* U.S. CONST. amend. IV. The same protection is provided by article I, section 11 of the Wisconsin Constitution. *See* WIS. CONST. art. I, § 11.

had reasonable suspicion to believe that Raddemann was in the cemetery in violation of the city ordinance.

¶6    Raddemann filed a motion for reconsideration, raising a new argument:  The ordinance is unconstitutionally vague because the removal of the gates at the entrance off of Highway 60 some time before his arrest makes it impossible for a reasonable person to determine when he or she enters the cemetery grounds and thus to conform his or her conduct to the ordinance.  The circuit court denied the reconsideration motion as untimely because it was filed five days after a deadline the court had set for motions to be filed.  Raddemann subsequently pled guilty to one count of operating while intoxicated contrary to WIS. STAT. § 346.63(1)(a).

¶7    Raddemann raises his vagueness challenge to the ordinance on appeal.  The State offers several responses, but this court need only discuss one to resolve this appeal.[4]   The State contends that Raddemann is barred from challenging the constitutionality of the ordinance because he did not comply with WIS. STAT. § 806.04(11).  That provision in Wisconsin's Uniform Declaratory Judgments Act states in relevant part as follows:

> In any proceeding which involves the validity of a municipal ordinance or franchise, the municipality shall be made a party, and shall be entitled to be heard.  If a statute, ordinance or franchise is alleged to be unconstitutional, … the attorney general shall also be served with a copy of the proceeding and be entitled to be heard.

---

[4] *See* ***Sweet v. Berge***, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (when one issue is dispositive of an appeal, we need not discuss other issues).

Sec. 806.04(11). The statute's requirements apply even where no declaratory judgment is sought, *see Brown County Human Services v. B.P.*, 2019 WI App 18, ¶25, 386 Wis. 2d 557, 927 N.W.2d 560, and where "the constitutional issue is collateral to or a preliminary step in the determination of the rights sought to be determined," *Kurtz v. City of Waukesha*, 91 Wis. 2d 103, 117, 280 N.W.2d 757 (1979). It also applies regardless of whether the statute or ordinance is alleged to be unconstitutional on its face or as applied in a particular case. *B.P.*, 386 Wis. 2d 557, ¶25.

¶8 This describes Raddemann's challenge. He does not seek a declaratory judgment that the ordinance is unconstitutional but instead asserts its unconstitutionality as the predicate of his argument that Officer Albea violated his Fourth Amendment rights because Albea lacked reasonable suspicion that Raddemann had violated the ordinance. More specifically, Raddemann argues that the absence of a gate at the cemetery entrance deprived the ordinance of an "objectively enforceable standard" for law enforcement to determine whether a violation occurred, and thus Albea could not have had a reasonable basis to suspect that Raddemann had violated it. Because Raddemann's motion to suppress was predicated on his assertion that the ordinance is unconstitutionally vague, he was obliged to notify the attorney general and seek joinder of the City of Hartford as a party so that it could, if it wished, defend the constitutionality of the ordinance.

¶9 Raddemann points to nothing in the record showing that he complied with WIS. STAT. § 806.04(11). Instead, he emphasizes that he is not asserting an affirmative constitutional claim seeking damages but rather is raising his constitutional challenge as part of his defense to criminal charges. Raddemann argues that an exception to § 806.04(11) exists for such defensive assertions of

unconstitutionality, but the cases he cites do not support his argument. In ***Ocean Accident & Guarantee Corp. v. Poulsen***, 244 Wis. 286, 290, 12 N.W.2d 129 (1943) and ***State v. Texaco, Inc.***, 14 Wis. 2d 625, 631, 111 N.W.2d 918 (1961), the supreme court merely recognized that a defendant may challenge a statute's constitutionality as part of its defense where a claim against it depends on the statute. Neither case stands for the proposition that a defendant need not comply with § 806.04(11)'s notification and joinder requirements simply because it raises a constitutional challenge as part of its defense, rather than as part of a claim seeking affirmative relief. Indeed, this court has repeatedly recognized that failure to comply with the statute bars judicial review of a constitutional challenge to a statute when made as part of a defense. *See **B.P.***, 386 Wis. 2d 557, ¶¶24-27 (declining to consider argument that application of statute to defendant would violate constitutional right to equal protection where defendant had not notified attorney general); ***Midwest Mut. Ins. Co. v. Nicolazzi***, 138 Wis. 2d 192, 202-03, 405 N.W.2d 732 (Ct. App. 1987) (declining to consider defendant insurer's argument that strict reading of statute would unconstitutionally impair contracts because insurer failed to notify attorney general).

¶10 Because Raddemann has not shown compliance with WIS. STAT. § 806.04(11), we decline to consider the merits of his constitutional challenge to the ordinance.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.