## Whitney v. Louisville & N. R. Co.

Jan. 14, 1944.

Davis, Boehl, Viser & Marcus for appellant.

Woodward, Dawson & Hobson for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER
—Affirming.

A train of the appellee Railroad Company struck a truck belonging to the appellant, A. M. Whitney, doing business as Whitney Transfer Company, at Brandenburg, in November, 1936. We reversed a judgment rendered on a directed verdict for the defendant in an action by Whitney against the Railroad Company for the value of the truck. Whitney v. Louisville & N. Railroad Company, 282 Ky. 392, 138 S. W. (2d) 503. The Railroad Company made a compromise settlement of a claim by the administratrix of the estate of the driver of the truck for his death, under which it paid her $2,475 and agreed to pay $1,600 additional in the event she failed to recover for herself as widow and for her child the maximum of $4,000, plus $75 burial expenses, from his employer, Whitney, under the provisions of the Workmen's Compensation Act, KRS 342.001 et seq. The Webster Circuit Court rendered judgment for the full amount of compensation against Whitney because there was no admission of liability by the Railroad Company for the death of the employee nor any judgment to that effect. We thought it should be assumed because of the settlement that there was legal liability on its part and

that the award should be credited by the amount paid by the Railroad Company, $2,475, and reversed the judgment. Whitney Transfer Company v. McFarland, 283 Ky. 200, 138 S. W. (2d) 972.

This action was brought by Whitney against the Railroad Company to recover the balance of $1,600 under its right to have a third party, who was responsible for the compensable loss, bear the burden. Sec. 4890, Ky. Stats., now KRS 342.055. The trial was confined to issues of the Railroad Company's negligence and of the deceased employee's contributory negligence. A verdict and judgment were rendered in favor of the Railroad Company. On this appeal by Whitney it is conceded that the conflict in the evidence authorized a submission of the case and sustains the verdict. A reversal of the judgment is asked upon the grounds of error (1) in rejecting tendered evidence of the settlement made by the Railroad Company with the administratrix, and (2) in refusing to excuse a juror whose qualification was challenged for cause.

It is contended that proof of the settlement itself and of the defendant's answer setting up the settlement was competent as admissions of responsibility. The appellant submits that while proof of an offer of compromise is inadmissible, a consummated settlement is admissible since it cannot prejudice or mislead the jury as an offer might do. Under some circumstances the distinction might be drawn (31 C. J. S., Evidence, sec. 290, p. 1050; Jones, Commentaries on Evidence, Sec. 1052), but the reason for rejecting an offer of compromise remains under conditions like those appearing in this case where the issue was liability or non-liability for the accident, and the settlement agreement contained no statement of fact constituting an admission against interest. We have ruled in accordance with the basic principles of judicial policy that where there are two causes of action arising from the same act or accident a compromise with one party may not be proved in the action of the other. Powers' Adm'r v. Wiley, 241 Ky. 645, 44 S. W. (2d) 591.

The appellant sees a distinction here because this case involves the death of but one person and there is in fact only one cause of action. It is generally held that the usual provision in workmen's compensation statutes for the recovery by the employer or his insurance car-

rier from a third person liable for an employee's injury or death of compensation paid or payable does not create a new cause of action, but merely transfers the right of the recovery to the employer or insurance carrier so that the same statute of limitations applies to an action by the employer or an insurance carrier against the third person as would have applied had the action been brought by the employee or his representative. Annotations, 95 A. L. R. 1431; Schneider, Workmen's Compensation, Sec. 851. Since the right of the employer is a derivative one authorized by the statute, KRS 342.055, and grows out of the same transaction, the present situation does result in an apparent admission of liability to the original party and it would appear at first impression that the admission should run throughout the course of the case to the end. But the deeper reasoning is that which Wigmore states to be the true reason for excluding an offer of compromise, which is that "it does not ordinarily proceed from and imply a specific belief that the adversary's claim is well founded, but rather a belief that the further prosecution of that claim, whether well founded or not, would in any event cause such annoyance as is preferably avoided by the payment of the sum offered. In short, the offer implies merely a desire for peace, not a concession of a wrong done. * * * By this theory, the offer is excluded because, as a matter of interpretation or inference, it does not signify an admission at all. There is no concession of claim to be found in it, expressly or by implication."

In a case of this kind the right of the employer to have the questions of liability and recovery adjudicated remains despite any settlement by the tort-feasor with the employee or his representative if the amount is less than the employer's liability under the Workmen's Compensation Act. Napier v. John P. Gorman Coal Company, 242 Ky. 127, 45 S. W. (2d) 1064. It was expressly held in United States Fidelity & Guaranty Company v. New York, N. H. & H. R. Co., 101 Conn. 200, 125 A. 875, 877: "Defendant's settlement with the employee cannot be taken as an acknowledgment by it of its legal liability. The law favors a settlement of disputes; a defendant might be ready to pay a substantial sum rather than to litigate its liability. The mere fact that the defendant has secured a release by the employee from liability for injuries to him or paid him damages is not an adjudica-

tion of the legal liability of the defendant, nor even evidence of legal liability.''

It is the duty of the courts to encourage rather than discourage amicable settlements as a mode of adjusting justiciable differences no matter that one party may have got the best of the bargain. Therefore, such settlements ought not to be allowed later to prejudice any party to them or bind him as an admission of liability in an encounter with one not a party to the settlement. We are of opinion that the court properly refused to allow the plaintiff to introduce the settlement in evidence.

On voir dire a member of the jury panel stated that he had been an officer of and was then a stockholder in the Ferdinand Railroad Company, located in Indiana, which he described as being ''the smallest line in the country'' and one that ''wasn't big enough to be sued for damages.'' Also that the senior member of the firm of attorneys representing the defendant had been his attorney for many years. However, he stated that neither of these relationships would embarrass or prejudice him as a juror. The court overruled the plaintiff's challenge for cause, but he was stricken peremptorily by the plaintiff. KRS 29.270. The point is made that the plaintiff was unjustly required to exercise one of his three peremptory challenges upon a member of the panel who was disqualified as a matter of law and that there was another member whom he would have eliminated but for this decision of the court. None of the cases cited present situations like the present, nor, it seems to us, analogous thereto. We are of opinion that an inference that the relationships described created an inclination not to give the plaintiff a fair hearing is too remote and unsubstantial to have authorized the court summarily to adjudge the prospective juror to be disqualified as a matter of law; at least, we will not hold there was an abuse of judicial discretion in the ruling.

Wherefore the judgment is affirmed.