231 S.W.2d 52 (1950)
NATIONAL BISCUIT CO.
v.
EMPLOYERS MUT. LIABILITY INS. CO.
Court of Appeals of Kentucky.
June 16, 1950.
George R. Smith, Lexington, Frank Murray, Lexington, for appellant.
Bradley & Blanton, Paris, for appellee.
REES, Justice.
John Faulkner, an employee of the Hinkle Contracting Company of Paris, Kentucky, was killed on April 5, 1945, when the automobile in which he was riding collided with a truck owned by the National Biscuit Company. The accident which caused the death of Faulkner arose out of and in the course of his employment with the Hinkle Contracting Company, and his estate was awarded the sum of $4,950 by the Workmen's Compensation Board. The Employers Mutual Liability Insurance Company was the employer's insurance carrier. On June 18, 1945, the administrator of the estate of John Faulkner brought an action against the National Biscuit Company to recover damages for the death of Faulkner on the ground that the negligence of defendant's agent and servant, the driver of its truck, caused the accident in which Faulkner lost his life. The National Biscuit Company filed an answer and also a cross petition against the Employers Mutual Liability Insurance Company. It alleged in its cross petition that the estate of John Faulkner, deceased, would recover from his employer under the Workmen's Compensation Act $4,950 as a death and burial benefit, and the employer's insurance carrier would be indemnified *53 out of any monies recovered from the National Biscuit Company by the administrator of Faulkner's estate, but that its limit of recovery under its right of subrogation would be the amount of any judgment in favor of the plaintiff in the action. The Employers Mutual Liability Insurance Company appeared and demurred to the cross petition. Its demurrer was never acted upon, and over its objection the trial was had. On the trial of the case the jury returned a verdict for the administrator in the amount of $1,500, and the National Biscuit Company satisfied the judgment entered thereon. On April 1, 1946, Employers Mutual Liability Insurance Company brought this action against the National Biscuit Company to recover $3,450, the difference between the Compensation Board's award and the $1,500 judgment in the action by the administrator of Faulkner's estate against the National Biscuit Company. It alleged in its petition that it was the compensation insurance carrier for Faulkner's employer and became liable to the parties entitled to compensation in the sum of $4,950, the amount fixed by the Compensation Board, and that its liability was caused by the wrongful and negligent acts of the defendant, the National Biscuit Company. It further alleged that the $1,500 judgment had been credited on its liability of $4,950, leaving a balance due of $3,450 which it was entitled to recover from the defendant. In paragraph 2 of its amended answer the National Biscuit Company alleged that the plaintiff, Insurance Company, was not entitled to recover any amount because it had had its day in court, had received the benefits of the judgment entered on the former trial, a jury had limited the liability of the National Biscuit Company to $1,500, and the Insurance Company's right to reimbursement was limited by that verdict. A demurrer to paragraph 2 of the amended answer was sustained, the defendant withdrew paragraph 1, which was a traverse, and declined to plead further. Thereupon a judgment was entered in favor of the Insurance Company for $3,450.
On this appeal it is agreed that the sole question presented is whether an insurance carrier of an employer operating under the provisions of the Workmen's Compensation Act can recover from a third party the total loss such insurance carrier has suffered due to the negligence of the third party causing an injury to a protected employee. The answer depends on the proper construction of KRS 342.055. This section was amended in 1948 in a manner not material here, and prior to its amendment read: "Whenever an injury for which compensation is payable under this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages, the injured employe may either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both. * * * If compensation is awarded under this chapter, either the employer or his insurance carrier, having paid the compensation or having become liable therefor, may recover in his or its own name or that of the injured employe from the other person in whom legal liability for damages exists, not to exceed the indemnity paid and payable to the injured employe."
It is appellee's contention that under this statute the employer or his insurance carrier is entitled to recover from the tort feasor the full amount of the compensation award regardless of the amount recovered from the tort feasor in a common law action by the injured employer or by his personal representative or dependents if his injuries resulted in death. We are of the opinion that the statute is not susceptible to such construction. It does not create a new cause of action in favor of the employer or his insurance carrier, but merely authorizes the employer or his insurance carrier in his or its own name or in the name of the injured employee to institute and prosecute the injured employee's cause of action. Employers Mutual Liability Insurance Co. v. Brown Wood Preserving Co., 298 Ky. 194, 182 S.W.2d 30; Whitney v. Louisville & N. R. Co., 296 Ky. 381, 177 S.W.2d 139. *54 The insurance carrier's right to recover being derivative and not independent, it necessarily follows that its recovery cannot exceed the amount which the employee was entitled to recover. It was not the intention of the Legislature to make the amount of the award of the Compensation Board the measure of damages in an action by an insurance carrier against the wrongdoer for his negligent act. It is the purpose of the statute to reimburse the employer or his insurance carrier out of any recovery against the third party tort feasor to the extent of the award made under the Workmen's Compensation Act, but if the recovery is less than the award then only to the extent of the recovery. Any other construction of the statute would render it invalid as violative of the due process clauses of the State and Federal Constitutions since the defendant has not had his day in court so far as the amount of damages is concerned. Our construction of the statute follows the construction of similar statutes in other jurisdictions. City of Taylorville v. Central Illinois Public Service Co., 301 Ill. 157, 133 N.E. 720; American Mutual Liability Insurance Co. v. Otis Elevator Co., 160 Tenn. 248, 23 S. W.2d 245; Liberty Mutual Insurance Co. v. Stitzle, 220 Ind. 180, 41 N.E.2d 133; Mickel v. New England Coal & Coke Co., 132 Conn. 671, 47 A.2d 187, 171 A.L.R. 1001; Cf. State v. Starr, 185 Wash. 18, 52 P.2d 897; Ocean Accident & Guarantee Corporation v. Poulsen, 244 Wis. 286, 12 N.W.2d 129, 152 A.L.R. 810. Section 14 of the Tennessee Workmen's Compensation statute was, at the time of the decision in American Mutual Liability Insurance Co. v. Otis Elevator Co., supra, identical in substance to our statute on the subject, as was section 13 of the Indiana statute when the decision in Liberty Mutual Insurance Co. v. Stitzle, supra, was rendered, and in both cases the respective statutes were construed as conferring upon the employer or his insurance carrier the right to recover from the tort feasor only such damages as the injured employee could have recovered under the general law of torts up to and not exceeding the amount of indemnity paid or payable under the award of the Workmen's Compensation Board. In the Otis Elevator Co. case the Supreme Court of Tennessee said: "Section 14 purports to deal only with injuries `sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto.' This has reference to a legal liability under the general law of torts, and not a legal liability created by the compensation statute. And the provision authorizing a suit by the employer of the injured person permits it to be brought against `the other person in whom legal liability for damages exists.' Here also the reference is to a legal liability created by the law with respect to torts, and it is this liability only which may be enforced at the suit of the employer. In such a suit the employer may `collect' the indemnity paid or payable to the injured employee. The word `collect' is not a term usually found in statutes creating legal liability, and imports an act of payment without reference to the legal grounds on which payment may be demanded. We think the clear and necessary inference is that the employer may `collect' the indemnity from the person `in whom legal liability for damages exists' only to the extent of that legal liability, and the measure of that liability is the right of the injured person to damages under the general law of torts.
"In an action brought by or for the employer, under section 14, therefore, the legal liability of the defendant and the measure of damages are the same as if the action had been brought by the injured employee, to determine which of the parties are entitled to a jury; and if damages to which the injured employee is entitled are less than the compensation paid or payable by the employer, his recovery will be limited accordingly. If the damages to which the injured employee would have been entitled are greater than the amount of compensation paid or payable, the recovery will nevertheless be limited to the latter amount by the terms of the statute." [160 Tenn. 248, 23 S.W.2d 247.]
In the present case a jury in an action by the representative of the deceased *55 employee fixed the common law liability of the negligent third party at $1,500, and this is the limit of the indemnity to which the employer's insurance carrier is entitled.
The judgment is reversed with directions to overrule the demurrer to paragraph 2 of the answer as amended.