Matt ROBERTS, Appellant,

v.

UNITED STATES FIDELITY & GUARANTY COMPANY et al., Appellees.

Court of Appeals of Kentucky.

Nov. 19, 1954.

Smith & Blackburn, Somerset, for appellant.

John G. Prather, Somerset, for appellee.

STEWART, Chief Justice.

The question presented in this appeal is whether the insurance carrier, having made compensation payments to an injured employee, may intervene after the expiration of one year to recover its payments in the employee's action for personal injuries against a negligent third party, where the employee filed the action in his name alone within less than one year following the date of his injury.

The undisputed facts are that appellee, James H. Hines, received an injury arising out of the alleged negligence of appellant, Matt Roberts, on November 29, 1952. Hines was covered by the provisions of the Kentucky Workmen's Compensation Law and the co-appellee herein, United States Fidelity and Guaranty Company, the insurance carrier for Hines' employer, paid to or on behalf of the appellee-employee the sum of $2,633.29.

On October 29, 1953, Hines filed a complaint in his individual name against Roberts wherein he sought damages in the amount of $16,110.40, alleging Roberts' negligent acts proximately caused his injuries. Some thirteen days later, Roberts moved the court to require Hines "to join as an indispensible party plaintiff the United States Fidelity and Guaranty Company" in the action, because it "is actually the real party in interest in this suit." Soon thereafter, Roberts entered his answer in which he denied negligence upon his part and by way of defense pleaded Hines was guilty of contributory negligence. More than one year after the date of Hines' injury, Roberts in an amended answer asked to have any judgment which Hines might recover credited with the amount of compensation paid him by the insurance carrier.

On February 1, 1954, United States Fidelity and Guaranty Company filed its intervening complaint wherein it set up the amount it had paid to or for Hines as compensation and requested that it be subrogated to the rights of Hines to the extent of its payments. It further averred that Hines was prosecuting this suit at its instance and request. Hines filed an amended complaint on the same date and admitted his action was instituted for his benefit and for that of the insurance carrier.

In an amended answer Roberts pleaded the one-year statute of limitations, KRS 413.140(a), as a bar to any recovery by the intervenor insurance carrier, or by Hines for its benefit, of the amount so paid by it to Hines. The action was then submitted to the court on the pleadings, the counsel for Hines and Roberts announcing that they had agreed on a judgment for Hines in the sum of $3,500 but that they could not agree on the rights of the insurance carrier. The lower court overruled the plea of limitations, adjudged a recovery by Hines of $3,500 from Roberts, and ordered Roberts to pay the sum of $2,633.29 to the insurance carrier, United States Fidelity and Guaranty Company, and the balance of $866.71 to Hines.

Roberts has appealed, asserting the insurance carrier's claim was barred by KRS 413.140(a), which stipulates that an action based upon a personal injury must be commenced within one year after the cause of action accrued.

KRS 342.055 of the Workmen's Compensation Act provides that if compensation is awarded, either the employer or his insurance carrier, having paid the compensation or having become liable therefor, may recover in his or the insurance carrier's own name from the other person in whom legal liability for damages exists not to exceed the amount of indemnity paid or payable to the injured employee. We believe it is apparent from the language of this statute that the insurance carrier in the case at bar, although it has paid the compensation and has relieved the employer of any further liability therefor, has the option to prosecute this cause of action in either its or the employer's name. We

should explain in passing that awards in compensation cases are always obtained against the employer. However, in instances where the employer is covered by compensation insurance, the insurance carrier assumes payment of the award. Also, in cases of this character, particularly when there is an award payable over a period of time, there is dual responsibility and both the employer and the insurance carrier are proper parties where suit is instituted for indemnity against a negligent third person.

The contention of appellees is that the employee, Hines, sued not alone for himself but, in addition, for the use and benefit of the insurance carrier to the extent of the latter's claim. We agree. This Court has written that KRS 342.055 which allows recovery by the employer or his insurance carrier from a third person who is liable for an employee's injury or death and for compensation benefits paid by the employer or his insurance carrier does not create a new cause of action but merely authorizes the employer or his insurance carrier in his or its own name or in the name of the injured employee to institute or join in and prosecute the injured employee's cause of action for the benefit of all. National Biscuit Co. v. Employers Mutual Liability Insurance Co., 313 Ky. 305, 231 S.W.2d 52; Whitney v. Louisville & N. R. Co., 296 Ky. 381, 177 S.W.2d 139.

The intervening complaint undertook merely to substitute a new party plaintiff who already had admitted rights in the pending action. The nature of the suit was not changed. Any recovery of Hines against Roberts, to the extent he has received compensation payments from the insurance carrier, is automatically assigned to the latter by operation of law. And an assignee of a cause of action may be admitted as a party plaintiff after the statute of limitations has run in an action commenced by his assignor before the expiration of the statutory period but after the assignment, the running of the statute being held as no bar to such change of parties. 34 Am.Jur., Limitations of Actions, section 273, page 222.

We are therefore drawn to the conclusion that where an insurance carrier has paid compensation benefits to an injured employee and relieved the employer of all liability therefor, and this is the situation here, the insurance carrier, for the purpose of reimbursement, may become a party plaintiff to a suit commenced within the period of limitations by the employee or his heirs, although the addition of this party is effected after the running of the period of limitations. See 105 A.L.R. 610, for a comprehensive annotation on this subject. Also, the case of Berry v. Irwin, 224 Ky. 565, 6 S.W.2d 705, fully supports the conclusion we have reached.

But it is argued by appellant that Employers Mutual Liability Insurance Co. v. Brown Wood Preserving Co., 298 Ky. 194, 182 S.W.2d 30, decides the issue under discussion to the contrary and by implication overrules the Irwin case. We do not so construe that opinion. In that case no action was filed by either the employee or the insurance carrier prior to the expiration of limitations, and the question was not before this Court as to whether the subrogated insurance carrier would be entitled to intervene, as here, after the statutory period in an action which had been instituted by the employee within the one-year time limit. As a consequence, the language in that opinion to the effect that the subrogated insurance carrier must either bring its independent action or intervene in the employee's action within one year from the date of the accident is nothing more than dictum and is to be regarded as inapplicable to the facts of this case.

For the reasons indicated, the lower court correctly decided the issue raised in this appeal.

Wherefore, the judgment is affirmed.