James R. WATERS, Elizabeth R. Waters and Kevin R. Waters, Appellants,

v.

**TRANSIT AUTHORITY OF RIVER CITY, Appellee.**

No. 89–CA–2316–S.

Court of Appeals of Kentucky.

Aug. 10, 1990.

Discretionary Review Denied by Supreme Court Dec. 19, 1990.

G. William Clements, William B. Wells, Clements, Hodge & Hurley, Louisville, for appellants.

Thomas J. Banaszynski, Gittleman & Barber, Louisville, for appellee.

Before CLAYTON, HAYES and REYNOLDS, JJ.

REYNOLDS, Judge.

Jefferson Circuit Court entered summary judgment for Transit Authority of River City (TARC), permitting it to assert its subrogation claim for workers' compensation benefits that had been paid to an injured employee arising from a motor vehicle accident wherein appellants were the tort-feasors. This case was submitted to the trial court under a stipulation of facts and with the sole issue concerning the timely commencement of the action under the relevant limitation of action statute.

TARC commenced this action against appellants seeking to recover workers' compensation benefits which it had paid to an employee. The employee, a bus driver, was injured in a motor vehicle collision and had not received basic reparation benefits under the provisions of KRS 304.39 (Kentucky Motor Vehicle Reparation Act). The accident had occurred August 27, 1986, and this action was not commenced against the tort-feasor (appellants) until November 23, 1988.

Appellants contend that the injured employee's cause of action falls under KRS 304.39–230(6), and was barred by the two-year limitation of the MVRA statute. Appellants state that TARC's action was also bound by this statute. TARC, however, contends that the claim was brought under 342.700(1) to recover workers' compensation benefits paid to its employee from the third party in whom a legal liability exists. As such, appellee contends that the action is independent of the assertion of any tort claim on behalf of an injured party.

TARC argues that its claim is one of recovery pursuant to the above-mentioned statute and not a bodily injury claim within the MVRA. As such, it relies on KRS 413.120(2) for the five-year statute of limitations created therein. *Pike v. Harold (Chubby) Baird Gate Co., Inc.*, Ky.App., 705 S.W.2d 947 (1986).

Appellants cite *Fireman's Fund Insurance Co. v. Government Employees Insurance Co.*, Ky., 635 S.W.2d 475 (1982), which states that an employer's or compensation carrier's rights against a third party tort-feasor are entirely derivative of the injured employee's tort claim. Similarly, *National Biscuit Co. v. Employers Mutual Liability Ins. Co.*, 313 Ky. 305, 231 S.W.2d 52 (1950), which was cited in *Fireman's, supra*, states that a compensation carrier's rights against a third party tort-feasor are entirely derivative, and are not independent of the injured party's tort claim.

This action was not brought pursuant to KRS 304.39–070(3) which involves the right of the reparation obligor to assert a claim to recover basic reparation benefits paid to or on behalf of an injured person. We hold the subrogation employer's action, however, is derivative from the injured employee's action/claim arising from the motor vehicle wreck.

Appellee bases its argument on KRS 342.700(1) which permits the bringing of an action of subrogation against the party at fault to recover workers' compensation benefits paid to an employee and that the action is independent of the assertion of any tort claim on behalf of the injured employee. Appellee further states that its claim is not a bodily injury claim within the MVRA with its applicable two-year statute

of limitations. Herein, appellee states that its action is based upon a liability created by statute and therefore the five-year term set forth in KRS 413.120(2) is applicable. The appellee, the subrogation employer, is not free to choose an independent cause of action, but is restricted to the employee's tort claim. The appellants are the registrants/owners/operators of one of the vehicles involved in the wreck. The injured employee was also an operator, and both were subject to KRS 304.39–230(6).

 There may be obvious inconsistencies and litigation problems that would be created if the court were to interpret the Motor Vehicle Reparation Act as carving out different statutes of limitations in a claim against motorists (appellants) when a claim is asserted against a motorist by a motorist or by someone standing in the derivative position of an injured motorist. To hold otherwise would expose the alleged tort-feasor to liability to a subrogated party for a great number of years, even though he could be held liable for only a shorter term to the party actually injured. We determine that the better reasoning provides that action by workers' compensation insurers (or self-insured employers) to recover from third party tort-feasors the amount that the insurer/self-insured employer had paid in compensation begins to run upon such actions at the same time that the statute of limitations would have begun to run on the injured employee's action or that of the employee's personal representative, against a third party tort-feasor. We determine that the provision in the compensation act for recovery by an employer/his insurance carrier from a third party tort-feasor for compensation paid or payable does not create a new cause of action, but merely transfers right of recovery. The subrogation statute, KRS 342.700 (formerly 342.055), was held not to create a new cause of action against third parties in whom legal liability for damages exists in favor of the employer/insurance carrier and therefore was not an obligation created by statute which was subject to the five-year statute of limitations. *Whitney v. Louisville & Nashville R.R.*, 296 Ky. 381, 177 S.W.2d 139 (1944); *Employers Mutual*

*Liability Ins. Co. v. Brown Wood Preserving Co.*, 298 Ky. 194, 182 S.W.2d 30 (1944).

The judgment of Jefferson Circuit Court is reversed.

All concur.