Linda DAUGHERTY, Plaintiff,

v.

REYNOLDS METALS COMPANY,
Defendant.

No. 3:96–CV–298–S.

United States District Court,
W.D. Kentucky.

June 10, 1997.

Grover S. Cox, Mussler & Associates, Thomas W. Faulkner, Faulkner Law Offices, Louisville, KY, for Plaintiff, Linda Daughtery.

Grover S. Cox, Mussler & Associates, Louisville, KY, for Intervenor Plaintiff, State Farm Fire & Casualty Company.

Robert C. Ewald, Wyatt, Tarrant & Combs, Louisville, KY, for Defendant, Reynolds Metals Company.

## MEMORANDUM OPINION

SIMPSON, Chief Judge.

This matter is before the court on the motion of the defendant, Reynolds Metals Company (hereinafter "Reynolds"), to dismiss the intervening complaint of State Farm Fire and Casualty Company (hereinafter "State Farm"). We must determine whether the statute of limitations provided for personal injury actions also applies to parties seeking to intervene in the action. For the reasons stated herein, the motion will be denied.

## FACTS

On April 22, 1995, the plaintiff, Linda Daugherty (hereinafter "Daugherty"), injured her hand while working at the Cheddar Box. Daugherty's injury occurred when her hand came in contact with the cutting edge of a food wrap dispenser manufactured by Reynolds. Daugherty filed a complaint asserting causes of action for negligence, strict liability and breach of warranty in state court on April 8, 1996. The action was removed to federal court on April 30, 1996.

By agreed order State Farm filed its intervening complaint on March 27, 1997. State Farm alleged that it was the workers' compensation carrier for Cheddar Box and that it had paid $38,878.31 in workers' compensation benefits to Daugherty and her medical providers.

The basis for Reynolds' motion to dismiss is that State Farm's complaint is barred by the statute of limitations provided in KRS

§ 413.140, which applies to personal injury actions. State Farm contends, however, that the statute of limitations does not bar its complaint and that the proper inquiry is whether its intervention was sought in a timely manner as mandated by Fed.R.Civ.P. 24. Daugherty's action was commenced within the one year statute of limitations period. State Farm's intervening complaint was not filed within the one year period.

## STATUTE OF LIMITATIONS

Reynolds cites two cases to support its argument that State Farm must intervene within the one year statute of limitations, *Employers Mut. Liab. Ins. Co. v. Brown Wood Preserving Co.,* 298 Ky. 194, 182 S.W.2d 30 (1944) and *Waters v. Transit Auth. of River City,* 799 S.W.2d 56 (Ky.App. 1990). Neither of these cases is directly on point with the facts of the present case. In *Employers,* the workers' compensation carrier brought a direct action against the tortfeasor almost two years after the death of the employee. *Employers,* 182 S.W.2d at 30. Since the workers' compensation insurer was not an intervening party, the issue of the statute of limitations' applicability to intervening complaints was not before the court.

In *Waters,* the employer brought a direct action against the tortfeasor over two years after the motor vehicle accident which injured the employee. The court had to determine if the two year statute of limitations provided for in the Motor Vehicle Reparation Act applied or if the five year statute of limitations provided for in KRS § 413.120(2) applied. The court held that "the subrogation employer's action ... is derivative from the injured employee's action/claim...." *Id.* at 57. This case merely addressed whether a direct action by a workers' compensation insurer or a self-insured employer is subject to the same statute of limitations as a direct action by the injured employee. *Id.* at 58. The court did not determine if the same statute of limitations can be used to bar a claim by an intervening plaintiff.

■ We find the case of *Roberts v. United States Fidelity & Guaranty Co.,* 273 S.W.2d 39 (Ky.1954) to be directly on point. In this case, the injured employee filed an action against the tortfeasor to recover for his injuries. The employer's workers' compensation carrier, which had paid compensation benefits to the employee, filed an intervening complaint. *Id.* at 40. The court held:

> We are therefore drawn to the conclusion that where an insurance carrier has paid compensation benefits to an injured employee ... the insurance carrier, for the purpose of reimbursement, may become a party plaintiff to a suit commenced within the period of limitations by the employee or his heirs, although the addition of this party is effected after the running of the period of limitations.

*Id.* at 41.

The tortfeasor cited *Employers* for the proposition that the workers' compensation carrier had to intervene within the one year statute of limitations. The court, in discussing the effect of *Employers,* stated:

> In that case no action was filed by either the employee or the insurance carrier prior to the expiration of limitations, and the question was not before this Court as to whether the subrogated insurance carrier would be entitled to intervene, as here, after the statutory period in an action which had been instituted by the employee within the one year time limit. As a consequence, the language in that opinion to the effect that the subrogated insurance carrier must either bring its independent action or intervene in the employee's action within one year from the date of the accident is *nothing more than dictum and is to be regarded as inapplicable to the facts of this case.*

*Id.* (emphasis added). *See also Aetna Cas. & Sur. Co. v. Snyder,* 291 S.W.2d 14 (Ky.1956), *overruled in part on other grounds by Charles Seligman Distrib. Co. v. Brown,* 360 S.W.2d 509 (Ky.1962).

We find that the one year statute of limitations does not preclude State Farm's participation in this case as an intervening plaintiff.

■ As part of her complaint, Daugherty seeks damages for past and future medical services, loss of wages and impairment of her ability to earn wages in the future. All three of these types of damages are recoverable under Kentucky workers' compensation. To

the extent that these damages have been paid or are payable by State Farm as the workers' compensation carrier in this case, State Farm is entitled to recover in its own name the amount of those funds from the tortfeasor. KRS § 342.700 (formerly § 342.055) is the statute which confers this right of recovery on State Farm. It [KRS § 342.700] "does not create a new cause of action, but merely transfers the right of the recovery to the employer or insurance carrier...." *Whitney v. Louisville & N.R. Co.*, 296 Ky. 381, 177 S.W.2d 139, 141 (1944). Since State Farm's right of recovery is a derivative right, its intervention does not change the nature of the suit. *Id.* and *Roberts*, 273 S.W.2d at 41.

An order in conformity with this opinion will be entered this day.

### ORDER

This matter is before the court on the motion of the defendant, Reynolds Metals Company, to dismiss the complaint of the intervening plaintiff, State Farm Fire & Casualty Company. For the reasons stated in the memorandum opinion entered this day, **IT IS HEREBY ORDERED** that the motion is **DENIED**.