GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant,

v.

Joshua WINSETT and Craig Culbreth, Appellees.

No. 2003–CA–002769–MR.

Court of Appeals of Kentucky.

Dec. 17, 2004.

Travis W. Calvert, Bowling Green, KY, for Appellant.

Harlan E. Judd, III, Bowling, Green, KY, for appellee, Johsua Winsett.

Paul T. Lawless, Bowling Green, KY, for appellee, Craig Culbreth.

Before BARBER and McANULTY, Judges; MILLER, Senior Judge.[1]

## OPINION

BARBER, Judge.

The circuit court dismissed Government Employees Insurance Company's (GEICO) intervening complaint for failure to state a claim because it adjudged that the Statute Of Limitations for bringing the action had expired. We reverse the judgment because the Statute of Limitations is not determinative of the issue of whether GEICO's intervening complaint should have been allowed.

The underlying facts of this case are that GEICO's insured, Everton L. Simmonds (Simmonds), was involved in an automobile accident with the Appellees here, Joshua Winsett (Winsett) and Craig Culbreth (Culbreth), on April 28, 2001. Simmonds filed suit against Winsett and Culbreth[2] on October 15, 2002, clearly within the Statute of Limitations applicable to his action.

GEICO moved to intervene in order to protect its subrogation rights on September 8, 2003. No judgment, settlement or other event had occurred disposing of the case at that time. On November 26, 2003, the circuit court entered its final and appealable order denying GEICO's motion to alter, amend, or vacate its judgment entered October 20, 2003, dismissing GEICO's intervening complaint.

The circuit court, in its order dismissing GEICO's intervening complaint, found that KRS 413.125 supplied the correct Statute of Limitations. That section provides that a party must bring a claim for property damage (the only item of damage at issue here) within two years of the date of the event causing the loss. The court also determined that the date of the occurrence was April 28, 2001, and because GEICO did not file its intervening complaint until September 8, 2003, more than two years after the accident, it was time-barred.

On appeal GEICO makes a number of arguments for why the court's judgment should be reversed. First, it maintains

---

1. Senior Judge John D. Miller sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

2. Simmonds originally filed suit against Laura Culbreth, Craig Culbreth's wife, but amended his complaint to substitute Craig Culbreth as the proper defendant.

that the court, although not expressly setting it forth in its order, relied on KRS 411.188(2) to bar its claim. Second, GEICO contends that the filing of the complaint by its insured tolled the Statute of Limitations applicable to its claims. Third, GEICO contends that it should be substituted as the real party in interest and its intervening complaint related back to the original complaint pursuant to CR 15.03. The Appellees oppose the conclusions of GEICO and assert that the circuit court's order should be affirmed.

■ A review of both statutory and case law leads us to the conclusion that the circuit court's judgment dismissing GEICO's intervening complaint was in error.

■ We begin with the observation that a subrogee's claim is strictly derivative of its subrogor with no right to independently maintain a cause of action as long as the insured is pursuing the claim. *Zurich Am. Ins. Co. v. Haile,* Ky., 882 S.W.2d 681, 685 (1994). Therefore, the settled law holds that the Statute of Limitations applicable to the insured is also applicable to the insurer. *Whitney v. Louisville & N.R.Co.,* 296 Ky. 381, 384, 177 S.W.2d 139, 141 (1944); *Waters v. Transit Authority of River City,* Ky.App., 799 S.W.2d 56, 58 (1990); *Commonwealth, Dept. of Transp., Bureau of Highways v. All Points Construction Co.,* Ky.App., 566 S.W.2d 171, 173 (1977).

Here, the circuit court determined that the two-year Statute of Limitations under KRS 413.125 was applicable to GEICO's claims. Whether this is the correct Statute of Limitations section to apply or not is irrelevant to the outcome in this case. The pertinent Statute of Limitations for Simmonds, GEICO's insured, is also two years under the Motor Vehicle Reparations Act. We do not express an opinion on whether either of these Statutes of Limitations is the correct one to apply because

there appears to be confusion in the law about this issue and it does not bear on the outcome of this case. *See e.g., Waters, supra* 799 S.W.2d at 58 (problems and inconsistencies would result by applying different Statutes of Limitations to different types of plaintiffs under the Motor Vehicle Reparations Act); *Gray v. State Farm Mut. Automobile Ins. Co.,* Ky.App., 605 S.W.2d 775, 776 (1980)(5 year Statute of Limitations applies to claims by insurer for reimbursement of basic reparation benefits); and the opinion of the circuit court in this case applying KRS 413.125 to a claim for property damage.

The real question of import in this case is whether or not GEICO's intervening complaint should have been allowed. This is not a relation back issue. As noted above, an examination of the case law on this subject shows that in most jurisdictions the same Statute of Limitations that applies to the insured's claim also applies to the insurance company. However, there is a difference of opinion if the subrogee files its subrogation claim by intervening in its subrogor's suit outside the Statute of Limitations, but before the conclusion of the subrogor's case. Some states allow this practice; others do not. *See When Does Statute of Limitations Begin to Run Upon an Action by Subrogated Insurer Against Third–Party Tortfeasor,* 91 A.L.R.3d 844.

Kentucky falls in those states that allow intervention. This issue was squarely addressed by *Roberts v. Unites States Fidelity & Guar. Co.,* Ky.App., 273 S.W.2d 39, 41 (1954) where the Court stated:

> We are therefore drawn to the conclusion that where an insurance carrier has paid compensation benefits to an injured employee and relieved the employer of all liability therefore, and this is the situation here, the insurance carrier, for

the purpose of reimbursement, may become a party plaintiff to a suit commenced within the period of limitations by the employee or his heirs, although the addition of this party is effected after the running of the period of limitations.

*See also, Daugherty v. Reynolds Metals Co.*, 967 F.Supp. 240, 241 (W.D.Ky.1997); *Berry v. Irwin*, 224 Ky. 565, 6 S.W.2d 705, 706 (1928). Although these cases considered a subrogated workers' compensation carrier, we perceive no difference in this context between the subrogation rights of a workers' compensation carrier and a contractual subrogee such as here.

 Thus, we hold that a subrogee who moves to intervene in an action timely filed by its subrogor should be allowed to do so even though the Statute of Limitations on the underlying claim may have run if the intervention is applied for in a timely fashion pursuant to CR 24. Prior to trial or other disposition of the case is presumptively timely. This has been impliedly recognized by this Court previously. *See McCormack Baron & Assoc. v. Trudeaux*, Ky.App., 885 S.W.2d 708, 711 (1994) (motion to intervene not timely because filed after judgment entered).

One final matter is the application of KRS 411.188(2). GEICO argues that the Statute, in its entirety, has been found unconstitutional by the Kentucky Supreme Court in *O'Bryan v. Hedgespeth*, Ky., 892 S.W.2d 571, 578 (1995). Winsett and Culbreth maintain that it has not. The parties apparently conceive that KRS 411.188(2) would act to cut off GEICO's claims in this case.

KRS 411.188(2) requires a subrogee to assert its rights by intervening in the suit filed by its subrogor once it receives notice. The *O'Bryan* case only specifically dealt with the constitutionality of KRS 411.188(3), the section of the Statute that allowed the jury to hear evidence of collateral source payments made to the plaintiff. It did not hold the Statute unconstitutional in its entirety. Therefore, KRS 411.188(2) is applicable.

However, contrary to the positions of the parties, in our view KRS 411.188(2) lends support to the conclusion that GEICO has timely filed its intervening complaint rather than the opposite. This is so because a subrogor may wait until the last day of his or her Statute of Limitations to file suit and send the notice required by the Statute to anyone possessing subrogation rights. If those subrogees were cut off by the running of the underlying Statute of Limitations, there would be no point to the notice provision of the Statute or to the language in it requiring intervention to preserve subrogation rights. This would render the Statute a nullity in such cases.

For the reasons stated above, we reverse the judgment of the Warren Circuit Court and remand the case for proceedings consistent with this Opinion.

ALL CONCUR.