RENDERED: AUGUST 1, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1067-MR

MAIN STREET REVITALIZATION
LLC                                                                          APPELLANT


|       | APPEAL FROM JEFFERSON CIRCUIT COURT |
|-------|--------------------------------------|
| v.    | HONORABLE MELISSA L. BELLOWS, JUDGE<br>ACTION NO. 18-CI-001019 |


CINCINNATI INSURANCE
COMPANY AND SULLIVAN &
COZART, INC.                                                          APPELLEES

AND

NO. 2024-CA-1188-MR

SULLIVAN & COZART, INC.                                   CROSS-APPELLANT


|       | CROSS-APPEAL FROM JEFFERSON CIRCUIT COURT |
|-------|--------------------------------------------|
| v.    | HONORABLE MELISSA L. BELLOWS, JUDGE<br>ACTION NO. 18-CI-001019 |


MAIN STREET REVITALIZATION
LLC AND CINCINNATI INSURANCE
COMPANY                                                           CROSS-APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; COMBS AND EASTON, JUDGES.

THOMPSON, CHIEF JUDGE:  Main Street Revitalization, LLC ("MSR") appeals

from orders of the Jefferson Circuit Court granting in part the motion of Sullivan &

Cozart, Inc. ("Sullivan") to dismiss MSR's claim for breach of contract; an order

granting Cincinnati Insurance Company's ("CIC") motion to intervene; an opinion

and order addressing subrogation issues between MSR and CIC; and, an opinion

and order disposing of MSR's claim for attorney fees and expenses from CIC.

Sullivan cross-appeals, arguing that the circuit court erred in denying it summary

judgment on MSR's negligence claim.  After careful review, we find no error and

affirm the orders on appeal.

## FACTS AND PROCEDURAL HISTORY

This case arises out of the "Whiskey Row" fire that occurred on July

6, 2015, in Louisville, Kentucky.  MSR is the commercial developer responsible for

renovating three historic buildings located at 111, 113, and 115 West Main Street.

It hired Sullivan as the construction manager for the project pursuant to a contract

dated June 11, 2015.

At the time of the events alleged in MSR's complaint, the buildings

were insured by CIC under a policy issued to MSR.  That policy provided "first-

party" coverage to protect MSR during construction of the Whiskey Row project for losses resulting from fire and theft. Sullivan also purchased liability insurance from CIC, providing coverage for "third-party" claims during construction. In the construction contract, Sullivan agreed to add MSR as an "additional insured" on that liability policy, resulting in MSR's having coverage for claims by third parties for their property damage losses arising from Sullivan's acts and omissions. Thus, CIC was the insurer for both MSR and Sullivan.

The July 6, 2015, fire at the MSR project destroyed most of MSR's property and significantly damaged other neighboring properties, including adjacent property owned by the Brown-Forman Corporation. Following the fire, the Louisville Fire and Rescue Metro Arson Squad investigated the cause and concluded in a report that the cause of the fire was combustibles ignited during a cutting operation with an acetylene torch or grinder.

After the MSR and Brown-Forman properties were stabilized, and reconstruction began on both projects, MSR attempted to collect the full amount of damages it alleged Sullivan caused. Brown-Forman also sought recovery from MSR, resulting in MSR's paying Brown-Forman $650,000 to settle Brown-Forman's claims. Thereafter, MSR filed this action on February 19, 2018, against Sullivan and CIC, seeking declaratory relief and alleging claims of breach of contract, strict liability, negligence, bad faith, and breach of fiduciary duty.

MSR moved for partial summary judgment on its negligence and strict liability claims against Sullivan. The motion was denied by way of an order entered on August 2, 2019.

In August, 2021, Sullivan sought summary judgment seeking dismissal of MSR's negligence and contract claims, based on a provision in the contract which Sullivan argued prevented MSR from pursuing these claims against Sullivan. MSR responded that the contract provision raised by Sullivan was void and unenforceable based on the express language of Kentucky Revised Statutes ("KRS") 371.180(2) and supportive case law.

Two months later, the circuit court entered an order partially granting summary judgment. It held that the contract's subrogation waiver was valid as it related to all claims other than those for negligence, wanton, or willful conduct.

An extensive procedural history followed. In May, 2022, CIC moved to intervene and tendered an intervening complaint alleging that Sullivan's negligence caused the fire. MSR opposed the motion, arguing that intervention was untimely and failed to comply with Kentucky Rules of Civil Procedure ("CR") 24. The trial court granted the motion to intervene.

Trial commenced in September, 2022. When the case was submitted to the jury, MSR sought $3,609,919 for damage to the real property and $18,049,595 for punitive damages. The jury decided in favor of Sullivan on the

gross negligence claim and declined to award punitive damages. It ruled in favor of MSR on the negligence claim, and awarded $2,322,000 of the compensatory damages claimed. As later noted by CIC, the compensatory damage award was $1,300,000 below the amount MSR sought to recover at trial, and well below the $7,028,326 it received from CIC under its Builder's Risk Policy. MSR's additional claims against CIC for breach of contract, bad faith, and breach of fiduciary duty were bifurcated and reserved for later adjudication.

On October 14, 2022, the Jefferson Circuit Court entered a judgment reflecting the jury's award. The following month, CIC asked the circuit court to assign the judgment to CIC based on subrogation language contained in the insurance policy. MSR opposed the assignment, arguing that CIC had waived any subrogation rights by not asserting its negligence claim within the five-year statute of limitations for real property damage claims in KRS 413.120(4), and because CIC did not satisfy the standard for intervening in the action per CR 24.

On January 9, 2024, the circuit court held that CIC's entry into the case was proper and not barred by the statute of limitations, as Section 12 of the insurance contract granted to CIC a contractual right to MSR's recovery which was subject to a ten-year statute of limitations for contract claims.

Without waiving its rights, MSR then filed a motion asking the circuit court to order that if CIC's subrogation claim were allowed, MSR was entitled

-5-

under the same Section 12 in the policy to be reimbursed first for MSR's attorneys' fees and other legal expenses in obtaining the $2.3 million judgment.

On June 25, 2024, the Jefferson Circuit Court denied the motion for attorneys' fees. In support of the order, the court determined that MSR "failed to cite any case law affirmatively allowing attorney's fees without a contractual provision explicitly granting such." It also found that the American Rule on attorneys' fees provides that each party bears its own fees absent an express contractual or statutory grant of such fees. Sullivan moved to have the circuit court make its rulings final and appealable pursuant to CR 54.02, which the court granted. This appeal followed.

**STANDARD OF REVIEW**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in

-6-

his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

MSR first argues that in its October, 2021 summary judgment, the Jefferson Circuit Court improperly dismissed MSR's breach of contract claim, contrary to the express provisions of KRS 371.180(2). In Count I of MSR's second amended complaint, MSR alleged that Sullivan breached its contractual obligations which included the duty to indemnify and hold harmless MSR against claims arising from loss caused in whole or in part by the contractor or anyone directly or indirectly employed by them.

Sullivan moved for summary judgment on MSR's contract and negligence claims. The court granted Sullivan's motion seeking dismissal of MSR's contract claim, and denied the motion seeking dismissal of MSR's negligence claim. It stated,

> Sullivan based its motion on a clause in the
> contract that waived subrogation rights. Because the

payout received by Main Street was higher than the damages sought, Sullivan argued that Main Street was not entitled to seek any damages due to this subrogation waiver, and filed this motion seeking to bar them from recovery. Sullivan cited numerous cases from other jurisdictions highlighting how subrogation waivers have been ruled lawful in similar circumstances to the present case.

Main Street countered by citing to KRS 371.180, which bars any contract for construction services to indemnify or hold harmless a contractor for its own negligence or the negligence of its agents or employees. KRS 371.180 . . . (2). They also argued that Kentucky public policy forbids enforcement of waivers of liability for negligence per se and willful or wanton conduct, and that there was ample evidence that Sullivan had acted willfully or wantonly, and in violation of numerous Kentucky and Federal safety statutes. *Cumberland Valley Contractors, Inc. v. Bell County Coal Corp.*, 238 S.W.3d 644, 646 (Ky. 2007). In addition, Main Street argued that Sullivan's allegedly willful or wanton conduct entitled them to damages that exceeded the amount already paid to them by their insurance carrier since they are seeking punitive damages.

Sullivan responded by stating that KRS 371.180 is an anti-indemnity statute specifically aimed at a particular type of contractual clause, and does not cover waiver of subrogation clauses. Essentially, Sullivan argued that the phrase "indemnify or hold harmless" is a term of art and should be taken as referring to a specific type of indemnity clause within a contract, rather than taken at face value. This argument is not without merit.

However, there is nothing in the legislative history of KRS 371.180 nor has Sullivan cited any Kentucky case law that illuminates whether the legislature wanted to treat this phrase as a term of art or not. Given this lack of evidence that points toward a particular interpretation,

case law requires us to take the words of the statute at face value using their plain meaning. *Dolt Thompson Shepherd & Conway, P.S.C. v. Commonwealth ex rel. Landrum*, 607 S.W.3d 683, 688-89 (Ky. 2020). Accordingly, if the Court was to hold that this waiver of subrogation was valid Sullivan would potentially be able to be "held harmless" for their allegedly negligent conduct, since the insurance payment was large enough to offset the claims of negligence and breach of contract, assuming that Main Street was unsuccessful in their punitive damages claim.

Tort law in general has a dual purpose of compensating victims and deterring behavior society considers harmful. Even though Sullivan coherently argues that some states do allow contracting provisions for subrogation waivers with the aim of decreasing litigation and making sure that there can still be compensation in the case of catastrophe, Kentucky law has clearly made a point to emphasize that contractors cannot avoid the consequences of their negligence. To allow this subrogation waiver to stand would be to allow Sullivan to escape any consequences of their alleged negligence as they would pay nothing due to the insurance payout from Main Street's insurance carrier, and would thus defeat one of the purposes of tort law to deter negligent behavior. However, this standard does not apply to claims for breach of contract or attorneys' fees. Accordingly, the Court must hold that the subrogation waiver is valid as it relates to all other claims other than those for negligence, wanton or willful conduct.

Thus, in adjudicating Sullivan's August, 2021 motion for summary judgment, the Jefferson Circuit Court determined that, 1) the case law requires the court to take the words of the statute at face value using their plain meaning per *Dolt Thompson Shepherd & Conway P.S.C.*, *supra*; 2) if the court were to hold that

this waiver of subrogation was valid, Sullivan would potentially be able to be "held harmless" for their allegedly negligent conduct; 3) Kentucky law clearly emphasizes that contractors cannot avoid the consequences of their negligence; and, 4) this public policy does not apply to claims for breach of contract or attorneys' fees.  It then denied Sullivan's motion for summary judgment as to MSR's negligence claim against Sullivan, and granted summary judgment as to all remaining claims including the contract claim.

MSR seeks an opinion vacating the circuit court's dismissal of its contract claim against Sullivan.  The question for our consideration on this first issue is whether, as MSR argues, the Jefferson Circuit Court erred in failing to apply KRS 371.180(2) to overcome the contract's waiver of subrogation language. That language states,

> § 11.3.7 WAIVERS OF SUBROGATION
>
> The Owner and Contractor waive all rights against (1) each other and any of their subcontractors, sub-subcontractors, agents and employees, each of the other . . . for damages caused by fire or other causes of loss to the extent covered by property insurance obtained pursuant to this Section 11.3 or other property insurance applicable to the Work, except such rights as they have to proceeds of such insurance held by the Owner as fiduciary . . . .  A waiver of subrogation shall be effective as to a person or entity even though that person or entity would otherwise have a duty of indemnification, contractual or otherwise, did not pay the insurance premium directly or indirectly, and whether or not the

person or entity had an insurable interest in the property damaged.

Thus, § 11.3.7 waives MSR's right to hold Sullivan accountable for damages sustained by third parties as a result of fire or other loss.

KRS 371.180(2) states:

Any provision contained in any construction services contract purporting to indemnify or hold harmless a contractor from that contractor's own negligence or from the negligence of his or her agents, or employees is void and wholly unenforceable.

As noted by Sullivan, contractual subrogation waivers exist because they "encourage parties to a construction contract to anticipate risks and to procure insurance covering those risks and also facilitate and preserve economic relations and activity . . . [and] to cut down the amount of litigation that might otherwise arise due to the existence of an insured loss." *United Nat'l Ins. Co. v. Peninsula Roofing Co., Inc.*, 777 F. App'x 639, 645 (4th Cir. 2019) (internal quotation marks and citations omitted). "[T]hey work to ensure that injuries or damage incurred during the construction project are covered by the appropriate types and limits of insurance, and that the costs of that coverage are appropriately allocated among the parties . . . [and are] of particular value to those involved in the construction industry." *Chadwick v. CSI, Ltd.*, 629 A.2d 820, 826 (N.H. 1993).

Sullivan also directs our attention to a myriad of case law throughout the country upholding waiver of subrogation provisions like that in the American

Institute of Architects ("AIA") contract at issue. *See, e.g.*, *Starr Surplus Lines Ins. Co. v. Bernhard MCC, L.L.C.*, 308 So. 3d 372, 378 (La. App. 5th Cir. 2020); *State v. U.S. Fidelity & Guar. Co.*, 577 So. 2d 1037, 1039 (La. App. 4th Cir. 1991); and, *Board of Comm'rs of County of Jefferson v. Teton Corp.*, 30 N.E.3d 711 (Ind. 2015).

Contract interpretation is a question of law, which the appellate court considers *de novo* on review. *Maze v. Board of Directors for Commonwealth Postsecondary Education Prepaid Tuition Tr. Fund*, 559 S.W.3d 354, 363 (Ky. 2018).

> . . . A basic rule of contract interpretation requires that preference be given to the interpretation which gives a reasonable, lawful, and effective meaning to all the terms over a reading which leaves a part unreasonable, unlawful, or of no effect.
>
> Moreover, in the absence of ambiguity, a written instrument will be enforced strictly according to its terms, and a court will interpret the contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence. A contract is ambiguous if a reasonable person would find it susceptible to different or inconsistent interpretations.
>
> When no ambiguity exists in the contract, we look only as far as the four corners of the document to determine the parties' intentions. If the language is ambiguous, the court's primary objective is to effectuate the intentions of the parties. The fact that one party may have intended different results, however, is insufficient to construe a contract at variance with its plain and unambiguous terms.

*Id.* (internal quotation marks and citations omitted).

Having reviewed the waiver of subrogation *de novo*, we find no basis for disturbing the circuit court's conclusion that the subrogation waiver is valid as to the breach of contract claim and attorneys' fees. Further, and for the reasons articulated by the circuit court, we find no error in its conclusion that the subrogation waiver is not valid as it relates to claims for negligence, wanton or willful conduct. The circuit court properly determined that per *Dolt Thompson Shepherd & Conway P.S.C.*, KRS 371.180 must be taken at face value. The subrogation waiver is valid as it relates to all claims other than those for negligence, wanton or willful conduct. The Jefferson Circuit Court properly disposed of Sullivan's summary judgment motion on this issue. *Scifres*, *supra.*

MSR goes on to argue that the circuit court erred in failing to dismiss CIC's subrogation claim as untimely. It asserts that Kentucky courts have repeatedly held that the five-year statute of limitations in KRS 413.120(4) applies to claims of damage to real property, whether the defendant's conduct was intentional or negligent. MSR notes that its complaint against Sullivan was filed in February 2018, well within five years following the July 2015 Fire, while CIC's intervening complaint alleging Sullivan's negligence was not tendered until May 2022 – outside the statutory period. MSR also maintains that CIC's intervening

-13-

complaint was not in compliance with CR 24.  As such, MSR argues that CIC's intervening complaint was untimely and improper.

*Government Employees Insurance Company v. Winsett*, 153 S.W.3d 862 (Ky. App. 2004), is instructive on this issue.  In *Government Employees Insurance Company* ("GEICO"), a panel of this Court stated that,

> . . . we hold that a subrogee who moves to intervene in an action timely filed by its subrogor should be allowed to do so even though the Statute of Limitations on the underlying claim may have run if the intervention is applied for in a timely fashion pursuant to CR 24.  Prior to trial or other disposition of the case is presumptively timely.  This has been impliedly recognized by this Court previously.

*Id.* at 865.  CIC moved to intervene prior to trial.  Therefore, its motion was presumptively timely.  *Id.*  Further, and per CR 24.02, a movant may be allowed to intervene upon timely application to the court.  Timeliness of a motion to intervene is a question of fact, which generally should be left to the circuit court.  *Polis v. Unknown Heirs of Jessie C. Blair*, 487 S.W.3d 901, 906 (Ky. App. 2016).  "We review a trial court's timeliness decision under the abuse of discretion standard." *Id.* (citation omitted).

Below, the circuit court granted CIC's motion to intervene based on the statute of limitations for contracts – KRS 413.160 – rather than KRS 413.120.  In its fourth argument, MSR asserts that this was clear error.  MSR and CIC agree that KRS 413.120 is applicable.  We may affirm the circuit court, however, for any

reason supported by the record. *Emberton v. GMRI, Inc.*, 299 S.W.3d 565, 576 (Ky. 2009). Based on *GEICO*, *Polis*, and CR 24, we conclude that the Jefferson Circuit Court properly exercised its discretion in granting CIC's motion to intervene.

MSR's final argument is that it is entitled to recover its attorneys' fees in successfully establishing Sullivan's negligence. While acknowledging the "American Rule" that a party generally pays its own attorneys' fees,[1] it contends that the phrase "any recovery expenses" within the insurance policy should be read in an expansive manner to include the recovery of attorneys' fees. We agree with the Jefferson Circuit Court and CIC that the American Rule should be applied absent an express contractual language to the contrary. *See, e.g.*, *Haney v. Stykes*, 688 S.W.3d 561, 568 (Ky. App. 2023), wherein a panel of this Court determined that contractual language such as "all costs of collection" and "if placed in the hands of an attorney" were not enough to overcome the application of the American Rule.

Further, "an award of attorney fees is within the sound discretion of the trial court, and its decision will not be disturbed absent a finding of abuse of discretion." *Golden Foods, Inc. v. Louisville & Jefferson County Metropolitan Sewer District*, 240 S.W.3d 679, 683 (Ky. App. 2007) (citation omitted). "The test

---

[1] *Superior Steel, Inc. v. Ascent at Roebling's Bridge, LLC*, 540 S.W.3d 770, 787 (Ky. 2017).

-15-

for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). We find no abuse of discretion, and thus no error.

In its cross-appeal, Sullivan argues that the circuit court erred in holding that KRS 371.180(2) and the public policy supporting Kentucky's anti-indemnity statute precluded enforcement of the waiver of subrogation as to MSR's negligence claims. As noted above, the circuit court applied KRS 371.180 at face value. It determined that if the court were to hold that the waiver of subrogation was valid, Sullivan would potentially be able to be "held harmless" for its allegedly negligent conduct. Finally, the court held that Kentucky law has clearly made a point to emphasize that contractors cannot avoid the consequences of their negligence.

The statutory language bears repeating –

Any provision contained in any construction services contract purporting to indemnify or hold harmless a contractor from that contractor's own negligence or from the negligence of his or her agents, or employees is void and wholly unenforceable.

KRS 371.180(2).

The circuit court's decision on this issue arose in the context of Sullivan's motion for summary judgment. Therefore, the record must be viewed in

a light most favorable to MSR with all doubts resolved in its favor. *Steelvest, supra*. Summary judgment should be granted only if it appears impossible that MSR will be able to produce evidence at trial warranting a judgment in its favor. *Id*. When considering KRS 371.180(2) and the record in a light most favorable to MSR, and resolving all doubts in its favor, we cannot conclude that the Jefferson Circuit Court erred in denying Sullivan's motion to dismiss MSR's negligence claim.

## CONCLUSION

For the foregoing reasons, we affirm the October 28, 2021 summary judgment granting in Sullivan's motion to dismiss MSR's claim for breach of contract and denying the motion to dismiss MSR's negligence claim; the July 20, 2022 order granting CIC's motion to intervene; the January 9, 2024 opinion and order addressing subrogation issues between MSR and CIC; and the June 25, 2024 opinion and order addressing MSR's claim for attorneys' fees from CIC.

ALL CONCUR.

BRIEFS FOR APPELLANT AND CROSS-APPELLEE MAIN STREET REVITALIZATION LLC:

David Tachau
Amy D. Cubbage
Louisville, Kentucky

BRIEF FOR APPELLEE CINCINNATI INSURANCE COMPANY:

John K. Benintendi
Fairfield, Ohio


BRIEFS OF APPELLEE/CROSS-APPELLANT SULLIVAN & COZART, INC.:

Diane Laughlin
Bryce L. Cotton
Catherine Young
Louisville, Kentucky